Bergan, J.
The question presented by this appeal is the validity of conditions of additional qualification attached to the permanent appointment of a .teacher who has served a satisfactory probationary period. After permanent appointment may a teacher be removed without a hearing and without charges of incompetency because all the preconditions have not been fulfilled?
The statute applicable to the City of New York (Education Law, § 2573) is quite explicit in two relevant respects: (a) it prohibits the extension of a teacher’s probationary period beyond three years (subd, 1); (b) after the making of a perma *457 nent appointment following the satisfactory completion of probationary service, a teacher “ shall not be removable except for cause ” (subd. 5).
It is manifest that if conditions of one sort or another could be attached to a probationary appointment which would survive into a permanent appointment, restrictions could readily be envisaged and imposed by the board which might destroy the basic protection of the teachers ’ tenure law.
It is to prevent just such uncertainty that the statute limits the length of a probationary period to three years, for without this limitation conditions could be imposed on probationary teachers’ appointments which would leave them in an uncertain condition of tenure over very long periods. Uncertainty is removed from the status of teachers appointed to tenure by providing they shall serve during good behavior and efficient and competent service. These provisions are quite incompatible with a conditional status carried on into permanent appointments.
The clear policy of the statute is that if additional qualifying conditions beyond the passage of the teachers’ examination are deemed desirable by the Board of Education, they must be met during the probationary service and before the teacher’s appointment ripens into permanent status.
Where a statute expressly states, as this one does (subd. 5), that a teacher permanently appointed “ shall not be removable ” except for .specific grounds, the appointing board is not at liberty to create new grounds by imposing conditions on permanent appointment. The statutory scheme is explicit as to how a probationary appointment is limited and how it ripens into a permanent appointment; and it is exclusive.
On January 11, 1960 the Board of Examiners of the Board of Education of the City of New York announced an examination for license as a teacher in social studies in junior high schools. The ‘ ‘ preparation requirements ’ ’ contained in the announcement were a baccalaureate degree and, in addition, 30 semester hours in graduate courses but, as to the latter, the announcement stated that the applicant would have until February 15, 1964 to complete 28 of the 30 hours.
Petitioner had the necessary baccalaureate degree and she passed the competitive examination. On June 13, 1960 a license *458 was granted by the Board of Examiners “ Subject to meeting preparation requirements in full by February 15, 1964 Petitioner was thereupon given a probationary appointment to the position of teacher of social studies and she served three years in this position satisfactorily to her superiors.
On the elapse of three years of probationary service, the Board of Education made a formal permanent appointment of petitioner in which it stated: ‘ ‘ Upon certification that you have rendered satisfactory service during your probationary term, your appointment as teacher of social studies junior high schools is hereby made permanent as of December 27, 1963.”
In .smaller type in the printed form it was added that the appointment was subject to the conditions “ if any ” on which the Board of Examiners had recommended the issuance of the license.
About half of the additional semester hours of credits had been earned by petitioner by the beginning of 1964; the rest had not been completed. She was notified that the Board of Examiners would terminate her teaching license on this ground and thus effect her removal from her permanent position. This without a hearing and without charges. The article 78 proceeding presently before us seeks to prohibit the board from removing petitioner without a hearing and without charges.
The Appellate Division, reversing the Special Term, granted the relief sought in the petition but “ without prejudice to such further proceedings not inconsistent herewith as the respondents may be advised to initiate ”. The basis of its decision is succinctly stated: “We think that petitioner’s acquisition of tenure was not affected by the conditional language contained in the certificate of permanent appointment which she received. To hold otherwise would permit the Board of Education to extend beyond the statutory limits the probationary period during which a teacher may be summarily dismissed without charges or a hearing.”
This analysis of the problem is consistent both with the statutory purpose and with its terms. If the failure of the petitioner to meet the preconditions attached to her permanent appointment adversely affected her competency to teach, this would be a valid ground for her removal on charges and after a hearing. And such a procedure would avoid impairment of the integrity *459 of the tenure law which could result from a judicial sanction of the validity of conditional permanent appointments.
It is not an answer to the enforcement of the statute according to its terms to say that the preconditions tend to make for better teaching. The time to test out teaching qualifications is during a probationary term and not to bring them up after an appointment has become permanent. It would probably, if not undoubtedly, make for better high school teaching if all teachers held doctoral degrees, but if 10-year conditional periods in which these must be acquired were attached to all permanent appointments, tenure rights would become quite illusory.
No sound reason has been advanced by appellants on this record why permanent appointment should not be withheld if the board were not satisfied that the additional conditions had not been completed during the probationary period.
Relevant case law interdicts the imposition of such conditions attached to permanent appointments. This became apparent very soon after the enactment of the early statutes protecting the tenure of teachers in the City of New York.
In 1904 this court construed section 1101 of the Greater New York Charter (L. 1897, ch. 378, amd. by L. 1901, ch. 466) providing for permanency in the appointment of teachers to prevent the imposition of a condition by the Board of Education that if a teacher marries “ her place shall thereupon become vacant ” (People ex rel. Murphy v. Maxwell, 177 N. Y. 494).
Referring to the statutory grounds for removal on charges of misconduct or incompetency (§ 1093), Cullen, J., wrote for the court “ we think that these statutory provisions are also necessarily exclusive ” (p. 497). Thus, although a by-law of the Board of Education, providing the teacher’s position became vacant when she married, was in effect at the time of relator’s appointment and was deemed a condition of the appointment, it was held without effect against the terms of the tenure.
It was made clear in Matter of Boyd, v. Collins (11 N Y 2d 228) that no act of a board of education could effect a method of bypassing the tenure statute. There, an arrangement between board and teacher by which she would resign after a stated time was held ineffective against the force of the tenure statute. The “ tenure terms”, as the court noted, “ can be changed by the Legislature but never by a board of education ” *460 (p. 233). In support of this conclusion the court cited Lapolla v. Board of Educ. (282 N. Y. 674) which is a consistent holding.
A careful historical and analytical study of the problem was made by Brink, J., in Matter of Kobylshi v. Agone (37 Misc 2d 255, affd. on opn. at Special Term 19 A D 2d 761). The decision is directly in point. Petitioner, after serving a satisfactory probationary period on the basis of a teaching certificate which, under the regulations of the State Commissioner of Education, required additional courses to become a permanent certificate, not having completed these courses, was removed without charges. The court held that having acquired tenure he could not be removed Without charges but that his failure to complete the courses could be considered on the question of his competency if charges were made on this ground.
Rather similar to the present case is Matter of Glass v. Board of Educ. (21 A D 2d 891, affd. 16 N Y 2d 982). There petitioner passed an examination, the announcement for which required that additional eligibility requirements had to be met by October 1, 1961. Completing her probationary period, appointment was made permanent October 26,1960. Thereafter, her appointment was terminated without a hearing on the ground she had failed to meet the preconditions of eligibility.
The Appellate Division held squarely that ‘ ‘ A teacher with tenure may not be summarily dismissed without a hearing on charges ” (21 A D 2d 891, 892). This court affirmed. It added this comment in its memorandum of affirmance: “ Petitioner is entitled to a hearing under section 2573 of the Education Law solely to determine whether she has the requirements for eligibility and tenure. The teaching license is, of course, a professional prerequisite to the holding of a permanent position ’ ’ (p. 983). The present case requires some evaluation of the scope and effect of these additional words in the memorandum.
The court could not have meant that petitioner was entitled to a hearing on whether or not she had met the preconditions of her permanent appointment. The papers in that article 78 proceeding did not show that she had met them or that she contended she had met them. The Appellate Division had annulled the determination and required her reinstatement notwithstanding there was no showing she had met the precondi *461 tions on the ground that having acquired tenure she could not summarily be dismissed without a hearing on charges.
This determination was made ‘‘ without prejudice to such further proceedings, not inconsistent herewith, as the board may be advised” (p. 891). This meant, plainly, that if the failure to meet educational requirements affected her competency the board should charge that and give her a hearing. The memorandum of affirmance by this court must, under the record then before it, be read in the same sense.
This court was affirming the order which reinstated petitioner to permanent status as a teacher; and the ‘ ‘ hearing ’ ’ which the statute afforded her was ‘ ‘ for cause ’ ’ and was one addressed to good behavior and efficient and competent service. The board’s function in issuing a conditional license to teach through its own Board of Examiners and its separate function in making a conditional permanent appointment based on a conditional license cannot be segregated to destroy the protection of the tenure statute.
The order should be affirmed, with costs.