Frederick F. **PORDUM**, Plaintiff,

v.

**BOARD OF REGENTS OF the STATE OF NEW YORK et al., Defendants.**

No. 73–CV–98.

United States District Court,
N. D. New York.

April 26, 1973.

Bernard F. Ashe, James R. Sandner, Albany, N.Y., for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of N. Y., Albany, N.Y., for defendants, Bd. of Regents of the State of N. Y. and Ewald B. Nyquist, Commissioner; Lawrence L. Doolittle, Asst. Atty. Gen., of counsel.

Peter A. Vinolus, Lackawanna, N. Y., for defendant, Lackawanna City School Dist.

## MEMORANDUM-DECISION and ORDER

JAMES T. FOLEY, Chief Judge.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges he is being deprived of his First and Fourteenth Amendment rights through the implementation of Section 305(7) of the Education Law by the Commissioner of Education of New York State. Section 305(7) of the Education Law, McKinney's Consol. Laws, c. 16, gives the Commissioner the power to annul the certificate of qualification of a school teacher upon cause shown to his satisfaction. Jurisdictional bases alleged are 28 U.S.C. § 1343(3) and 28 U.S.C. § 2281. 28 U.S.C. § 1343(3) has been described as the jurisdictional counterpart of the cause of action created by 42 U. S.C. § 1983. (Tichon v. Harder, 2 Cir., 438 F.2d 1396, 1398, n. 4).

The essential facts as set forth in the complaint are undisputed. The plaintiff is a teacher, certified by the State, and has been granted tenure by the Board of

Education of the City of Lackawanna. In 1967, the plaintiff was granted a two-year leave of absence which was subsequently extended in 1969 for two years and in 1972 for one year. During the interim period, the plaintiff was convicted in the United States District Court, Western District of New York, on June 16, 1971, of the crime of conspiracy involving bribery of public officials in violation of 18 U.S.C. § 371, and was sentenced to a period of confinement of three years. At that time the plaintiff was a member of the Erie County Legislature. The plaintiff was released on parole on December 22, 1972. On December 29, 1972, the plaintiff notified the Board of Education of the City of Lackawanna that he was ready to resume his active teaching duties and by letter dated January 24, 1973, the plaintiff was notified of his specific assignment effective February 1, 1973. On January 24, 1973, the Commissioner of Education enjoined the school district from reemploying or reinstating the plaintiff and further ordered the plaintiff to show cause why his teaching certificate should not be cancelled. In this federal litigation, we do have the unusual situation of the Lackawanna School City District in the affidavit of its Attorney Peter A. Vinolus, stating a position somewhat adverse to that of the State defendants and the Attorney General at this stage. The position is that the School District is ready and willing to accept the plaintiff as a teacher under its contract and that it joins in the motion of plaintiff to have him return to work pending the outcome of this action. [See Portnoy, Employment of Former Criminals, 55 Cornell L.Rev. 306, 307 (1970)].

■ As the complaint requests this court to convene a three-judge court pursuant to 28 U.S.C. §§ 2281, 2284, it is necessary to initially determine if the various constitutional claims set out in the complaint are substantial. (Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152). One of two standards must be met before it can be determined there is a lack of substantiality in the federal questions presented; either obvious lack of merit in the allegations or foreclosure of the issues by previous decisions of the United States Supreme Court. (California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323; Green v. Board of Elections of City of New York, 2 Cir., 380 F.2d 445, 448). There is extensive writing about the convening of three judges, its problems and burdens, but it has been simply and clearly expressed that the statutory enactment in that regard is technical and not to be construed with great liberality. (Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378; Kramer v. Union Free School District No. 15, 2 Cir., 379 F.2d 491, 495; Jackson v. Choate, 5 Cir., 404 F.2d 910, 913).

■ ■ The plaintiff first contends Section 305(7) of the Education Law of New York is vague and indefinite and therefore violates the due process clause of the Fourteenth Amendment to the United States Constitution. (Para. 17 of the complaint). It is settled that a license, of which is the nature of a teaching certificate, essential to the pursuit of a livelihood may not be taken away without procedural due process as required by the Fourteenth Amendment. (Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90). The vagueness claim is based upon the allegation that the statute, by utilizing the standard "upon cause shown to his satisfaction", is indefinite and has no guidelines to correct this inherent deficiency. This claim has been foreclosed in my judgment by the United States Supreme Court which has given specific approval to the standard " 'for any unprofessional conduct of the holder of such certificate, or for other sufficient cause.' " (Lehmann v. Board of Accountancy, 263 U.S. 394, 398, 44 S.Ct. 128, 68 L.Ed. 354; see also, Indiana ex rel. Anderson v. Brand, 303 U.S. 95, 108, 58 S.Ct. 443, 82 L.Ed. 685). The Court in *Lehmann* also noted that further implementing regulations were unnecessary. The use of the term

"incompetency", similar to "cause shown", has been approved when used to discharge a public school teacher with it being noted the term had a common and approved usage. (Beilan v. Board of Education, 357 U.S. 399, 406–407, 78 S. Ct. 1317, 2 L.Ed.2d 1414). The New York Court of Appeals has upheld the use of the standard "for cause" in the face of a charge of vagueness and alluded to the standard of "good behavior" which federal judges are held to by Section 1 of Article III of the United States Constitution. (Friedman v. State of New York, 24 N.Y.2d 528, 541, 301 N. Y.S.2d 484, 249 N.E.2d 369; see Napolitano v. Ward (N.D.Ill.), 317 F.Supp. 79 (denying a three-judge court with the term "for cause" at issue); see also, Sarisohn v. Appellate Div., Second Dept., S.Ct. of St. of New York (E.D.N.Y.), 265 F.Supp. 455, 458, n. 4). There is, in my judgment, sufficient precedent in the decisions of the United States Supreme Court and the New York Court of Appeals to foreclose the vagueness claim as it relates to the convention of a three-judge court.

The plaintiff next contends that since the section of the statute challenged does not specifically denote due process procedures concerning notice of charges availability of a hearing, and hearing procedures to be used, the plaintiff is being deprived of the procedural due process required by the Fourteenth Amendment. (Para. 18 of the complaint). This contention is, in my judgment, without merit. In the Commissioner's order to show cause dated January 24, 1973, the plaintiff was notified of the charge against him, namely, that his conviction under 18 U.S.C. § 371 raised "substantial doubt with respect to the fitness of such individual to teach in the public schools of the State." (Ex. G attached to the complaint). On February 15, 1973, in response to an inquiry by the plaintiff's attorney on February 6, 1973, and a month in advance of the commencement of this action, the Commissioner's office set out the procedures which would be followed at a hearing of the charge. (Ex. 1 attached to affidavit in opposition of the Attorney General of New York State). The plaintiff was notified of the availability of a hearing, the hearing officer designated, the fact that established administrative procedures would be used, the opportunity to present evidence and cross-examine witnesses, and the right to be supplied a full transcript of the stenographic record of the proceedings apparently without charge. Thus the plaintiff it seems plain has been accorded the full range of due process rights which have been granted, in my judgment, not in an attempt to evade review of the challenged statute, but with an attitude of fairness to insure compliance with due process requirements. Therefore, I find § 305(7) has not been applied in an unconstitutional manner in regard to due process notice and hearing rights. Furthermore, in light of the court rulings dealing with tenure of teachers (e. g., Slochower v. Board of Education, 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692), state granted licenses (Bell v. Burson, supra), and the present statutory scheme providing for hearing procedures in the discharge of tenured teachers (Education Law § 2573(5) (McKinney's Supp.1972); Education Law § 3020–a (McKinney's 1970), it would seem incongruous to assume the Commissioner would apply § 305(7) in the future without affording a party the various due process protections specifically accorded in this situation. In addition, the state courts have held a tenured teacher who does not possess a certificate cannot be discharged without being offered the proper hearing procedures and that lack of a certificate only bears upon the issue of incompetency as set forth in Education Law § 2573(5) (supra). (Matter of Mannix v. Board of Educ., 21 N.Y. 455, 460, 288 N.Y.S.2d 881, 235 N.E.2d 892; ·Matter of Kobylski v. Agone, 37 Misc.2d 255, 263, 234 N.Y.S.2d 907).

In addition to the Fourteenth Amendment argument of vagueness, the plaintiff next contends § 305(7) of the Education Law is overbroad and "could

be utilized to chill" First Amendment rights. Again the argument is foreclosed by previous rulings of the United States Supreme Court. It is settled that a court should never "anticipate a question of constitutional law in advance of the necessity of deciding it." (United States v. Raines, 362 U.S. 17, 21, 80 S. Ct. 519, 522, 4 L.Ed.2d 524). In *Raines* the Court, as here, found a statute had not been applied in an unconstitutional manner and therefore the plaintiff could not attack the statute on its face. *Raines* and the cases cited therein dealt specifically with the issue of an overbroad statute in the First Amendment context. Of course in the present situation the plaintiff has been informed of the exact nature of the charges against him and there is no alleged actual violation of First Amendment rights.

■■ The last allegation, also contained in paragraph 20 of the complaint and apparently levied as a parting shot at the challenged section, is in my view obviously without merit. The bare allegation is made that there is a violation of the Equal Protection Clause in that other professions are treated differently and is totally conclusory ·in nature and unsupported by any factual allegations. There is a legitimate state end in the purposes of the statute and no invidious discrimination shown. (Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563; McDonald v. Board of Election Commissioners, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739). The standard of conduct for a teacher is not unlike the standards familiarly required in the other professions and the judiciary within the State of New York, and such an unsupported allegation by bare statement will not create a substantial federal question such as to necessitate the convening of a three-judge court.

(Sarisohn v. Appellate Div., Second Dept., supra).

■■ In my judgment, the allegations in the complaint on their face do not raise questions of sufficient federal constitutional substance to warrant the convention of the statutory three-judge court pursuant to the jurisdictional authorization of 28 U.S.C. § 2281. Under this ruling there is no need to consider the vitality of the exhaustion doctrine or need for exhaustion of administrative remedies under Eisen v. Eastman, 2 Cir., 421 F.2d 560, cert. den. 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75. (See King v. Smith, 392 U.S. 309, 312, n. 4, 88 S.Ct. 2128, 20 L.Ed.2d 1118; James v. Board of Education of Central Dist. No. 1, etc., 2 Cir., 461 F.2d 566–570). There remains the jurisdictional allegation of 28 U.S.C. § 1343(3) under which there is the requirement to state a substantial constitutional claim. (Almenares v. Wyman, 2 Cir., 453 F.2d 1075, 1082, cert. den. 405 U.S. 944, 92 S.Ct. 962, 30 L. Ed.2d 815). The findings outlined herein that the allegations in the complaint are insubstantial for purposes of 28 U. S.C. § 2281 likewise require the dismissal of the complaint as it alleges jurisdiction under 28 U.S.C. § 1343(3), and the reliance on 42 U.S.C. § 1983. (See Powell v. Workmen's Compensation Bd. of State of New York, 2 Cir., 327 F.2d 131, 137; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Adickes v. Kress, 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142).

The motions of plaintiff requesting the convening of a three-judge court and to grant a temporary restraining order and preliminary injunction are denied and the complaint is dismissed for lack of jurisdiction. (Utica Mutual Ins. Co. v. Vincent, 2 Cir., 375 F.2d 129, 130–131).

It is so ordered.