■ In the Matter of FREDERICK PORDUM, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.—Cross-appeals from a judgment of the Supreme Court at Special Term, entered January 6, 1975 in Albany County, which, in a proceeding pursuant to CPLR article 78, refused to direct respondents to pay petitioner's back pay and directed respondent Nyquist to apply the provisions of Part 83 of the Regulations of the Commissioner of Education (8 NYCRR Part 83) in its entirety to petitioner. Petitioner brought this article 78 proceeding seeking to annul an order of respondent Commissioner of Education which refused to direct respondent Board of Education of the Lackawanna City School District to reinstate petitioner with back pay from February 1, 1973, or, in the alternative, to annul that portion of the order which failed to apply Part 83 of the commissioner's regulations in its entirety to any proceeding to annul petitioner's teaching certificate. Special Term granted the alternative relief, but denied the petition in all other respects. These appeals ensued. There is no significant factual dispute. Petitioner was a permanently certified teacher with the Lackawanna School System. He was granted a two-year leave of absence in 1967 which was subsequently extended for an additional three years, to expire on January 1, 1973. On June 16, 1971 he was convicted in Federal court of bribery of public officials and received a three-year prison sentence. He was released on December 22, 1972 and his parole terminated on May 10, 1975. On December 29, 1972 he sought reemployment and was advised by respondent school district that he would be assigned to the Wilson Elementary School as of February 1, 1973. By order dated January 24, 1973 respondent commissioner, pursuant to subdivision 7 of section 305 of the Education Law, ordered a hearing as to why petitioner's certificate should not be annulled because of such conviction. He further enjoined respondent school district from reemploying petitioner pending the hearing and determination. Petitioner thereupon commenced a Federal court proceeding to review respondent's action. The proceeding was ultimately dismissed in all respects on February 20, 1974 and the Supreme Court denied certiorari on October 15, 1974. *(Pordum v Board of Regents of State of N.Y.,* 357 F Supp 222, affd 491 F2d 1281 cert den 419 US 843.) Subsequently, petitioner requested the commissioner to vacate his order and the order forming the basis of this proceeding was thereafter issued on July 1, 1975, outlining the procedure to be followed in the hearing on the annulment of petitioner's teaching certificate. To complete the factual picture, it is necessary to note that the commissioner had adopted new regulations (Part 83), establishing the means by which an individual may have his teaching certificate revoked for lack of good moral character. These regulations took effect September 1, 1974. Petitioner contends on his direct appeal that the commissioner's order enjoining the school district from reemploying him was tantamount to a suspension and he was, therefore, entitled to back pay. We disagree. At the time the petitioner sought reemployment he was not a paid employee of the school district and had not been so employed for several years. In our opinion, he was not suspended, but was, in fact, on a voluntary leave of absence. Consequently, petitioner's reliance on *Matter of Jerry v Board of Educ.* (35 NY2d 534) is misplaced since, *Jerry* involved an interpretation and application of section 3020-a of the Education Law where a tenured teacher had been suspended. In the instant case we are concerned with the

question of removal by the commissioner of petitioner's teaching certificate pursuant to subdivision 7 of section 305 of the Education Law. Under the circumstances, it is not the interests of petitioner which are paramount, but those of the students *(Pordum v Board of Regents of State of N. Y.,* 491 F2d 1281). The facts and the issues in the instant case, therefore, are clearly distinguishable from those of the *Jerry* case. In our view, Special Term properly denied petitioner back pay. We pass now to the appeal of respondent commissioner wherein he maintains that he is not required to apply Part 83 of the regulations in its entirety to any proceeding involving the revocation of petitioner's teaching certificate. There can be no doubt that a permanently certified teacher is entitled to procedural protection of due process before his teaching certificate is revoked. Since it has already been determined that petitioner was afforded due process *(Pordum v Board of Regents of State of N. Y., supra),* the question narrows to whether under the circumstances, he is entitled to utilize the new procedures of the regulations adopted by the commissioner some two years after the date set for his original hearing. Petitioner maintains he is relying on *Matter of Clayton v Clement* (33 NY2d 386). We arrive at a contrary conclusion. At the time the petitioner instituted his Federal litigation, the proceeding concerning his certificate had already reached the hearing stage. The commissioner had determined that a substantial question existed as to petitioner's moral character, based, undoubtedly, on his knowledge of petitioner's conviction and prison sentence and a hearing date had been set. The objectives, therefore, of the procedures set forth in sections 83.1, 83.2 and 83.3 of the commissioner's regulations had been accomplished. Only the hearing and a possible appeal remained, which are provided for by regulations 83.4 and 83.5. The procedures set forth in those regulations are directed to be followed in the judgment appealed from. Consequently, we conclude that petitioner is not entitled to those portions of Part 83 which pertain to procedure already instituted prior to the hearing which was originally scheduled by the commissioner in his order of January 24, 1974. Judgment insofar as appealed from modified, on the law, so as to provide that the commissioner shall not be required to apply Part 83 in its entirety to any proceeding to annul petitioner's teaching certificate, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.