■ In the Matter of ANTHONY J. MELITI, Respondent-Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents, and BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF RHINEBECK, CLINTON, MILAN, RED HOOK, HYDE PARK AND STANFORD, DUTCHESS COUNTY, et al., Appellants-Respondents.—Cross appeals from an amended judgment of the Supreme Court at Special Term, entered April 2, 1976 in Albany County, which, in a proceeding pursuant to CPLR article 78, upon reargument, amended a prior judgment of the same court and adjudged that petitioner was entitled to back pay and benefits pending a hearing pursuant to section 3020-a of the Education Law. Petitioner was first employed in the respondent school district in September, 1967. At that time he held a provisional teaching certificate in physical education issued by the Commissioner of Education on February 1, 1961, which was valid for a period of 10 years. He acquired tenure in 1970. In order to qualify for permanent certification, it was necessary for petitioner to acquire 30 credit hours of graduate education in his field by February 1, 1971. Failing to acquire the necessary graduate study hours or credits prior to the expiration of his provisional certification, petitioner applied for an extension of his provisional certificate based upon his military service, pursuant to the provisions of a regulation of the Commissioner of Education (8 NYCRR 80.2 [f]). That regulation provides that the validity of a provisional teaching certificate held by a teacher on active duty in the armed forces may be extended by the amount of time of such service. Petitioner's service record was misread and a six-year extension of provisional certification was issued to him by the Department of Education, although, in fact, his total period of active service for which the extension should have been granted was seven and one-half months. When the error was discovered,

petitioner was advised on March 5, 1974 that the extension had been granted in error and that his provisional certification had actually expired on September 1, 1973. He was requested to return the certificate, which he did. Petitioner was permitted to teach during the 1974-75 school year pursuant to a regulation of the Department of Education governing employment of uncertified teachers (8 NYCRR 80.32 [a]). He acquired no further credits during that school year, and on August 15, 1975, the respondent board of education was advised that it could not reemploy petitioner for the 1975-76 school year unless he had acquired the requisite additional six semester hours of approved graduate study towards his permanent certificate between September 1, 1974 and August 31, 1975. Having failed to acquire any graduate credits during that period, he was advised by letter dated August 26, 1975 that he could no longer be paid, and petitioner was removed from the payroll as of September 2, 1975.* On November 3, 1975 the board of education found probable cause for charges against petitioner of insubordination, mental and physical incapacity, and lack of certification, and so notified petitioner, who demanded a hearing (Education Law, § 3020-a). This proceeding was thereafter commenced on December 8, 1975 seeking (1) restoration of petitioner to the payroll with full back pay from September 2, 1975; (2) rescission of the action of the Department of Education annulling his teaching certificate and his termination by the school district based thereon; and (3) an injunction against further proceedings on the charges brought against him pursuant to section 3020-a of the Education Law. Having first denied the petition in all respects, Special Term, upon reargument, properly concluded that petitioner was entitled to back pay pending completion of procedures under section 3020-a of the Education Law. Initially, respondents contend that petitioner is not entitled to a hearing prior to his termination because, by his failure to obtain the necessary credits, he does not qualify for permanent certification as a teacher, and his termination is mandated. The answer to that contention is contained in *Matter of Lynch v Nyquist* (41 AD2d 363, affd on opn of Cooke, J., 34 NY2d 588). This court stated in *Lynch* that "Certification requirements, however, may not be employed to erode the protections afforded tenured teachers, since the tenure statutes provide the exclusive method for dismissal for those teachers" *(id.* p 365). Notwithstanding the provisions of sections 3009 and 3010 of the Education Law, which expressly prohibit payment of salary to an unqualified teacher, dismissal of a tenured teacher, although not certified, must proceed in accordance with section 3020-a of the Education Law *(Matter of Lynch v Nyquist, supra;* see, also, *Matter of Mannix v Board of Educ.,* 21 NY2d 455; *Matter of Kobylski v Agone,* 37 Misc 2d 255, affd 19 AD2d 761). Thus, it is clear that petitioner, a tenured teacher, was entitled to continue to receive his salary, pending the proceedings under section 3020-a of the Education Law *(Matter of Jerry v Board of Educ.,* 35 NY2d 534). As to his cross appeal, while petitioner is correct in his contention that he was constitutionally entitled to due process protections of the Fourteenth Amendment prior to the annulment of his certification *(Pordum v Board of Regents of N. Y.,* 491 F2d 1281, cert den 419 US 843) even though he may not have been entitled to certification (cf. *Matter of Wolff v Hodson,* 285 NY 197), nevertheless, petitioner is barred by the four-month Statute of Limitations (CPLR 217) from challenging the annulment of his certification. This proceeding was brought within four months of

---

* Section 3010 of the Education Law makes it a misdemeanor for a school official to pay or condone the paying of an unqualified teacher.

petitioner's removal from the payroll, but not within four months of the annulment of the certificate in March, 1974. If, as petitioner argues, he was not aggrieved until he was removed from the payroll, it is clear that he would not have a Fourteenth Amendment interest in the retention of his certification, which he has. Consequently, while petitioner may still challenge his removal from the payroll without a hearing, the challenge to the annulment of his certificate is time-barred. We conclude that petitioner is entitled to back pay from September 2, 1975 and to a hearing on the charges filed against him. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.