OPINION OF THE COURT
George Beisheim, Jr., J.
In an article 78 proceeding brought by petitioner to review and thereupon annul a determination by the respondent board *474 of education terminating petitioner’s employment in the Rhinebeck Central School District for failure to maintain certification, the respondent moves pursuant to CPLR 7804 (subd [f]) to dismiss the petition.
THE FACTS
Anthony J. Meliti was employed as a physical education teacher in the Rhinebeck Central School District. He possessed a 10-year provisional teaching certificate, effective February 1, 1961, which was to be valid for the ensuing 10 years, provided that in this period petitioner should have completed 30 hours of graduate study necessary for permanent certification. Petitioner was employed in the Rhinebeck Central School District commencing in 1967 and acquired tenure therein in September, 1970. At the expiration of the provisional teaching certificate, Mr. Meliti had not completed the requisite graduate credits, and rather than face loss of certification, he applied for an extension of his provisional certificate based upon time spent in the military service pursuant to regulation 8 NYCRR 80.2 (f), which allows credit towards such extension based upon time spent on active duty with the Armed Forces. Petitioner was in active service for approximately IV2 months but was in the reserve for 6 years. By mistake a 6-year extension of petitioner’s provisional public school teacher certification in physical education and hygiene (instead of a 714 months’ extension) was granted to petitioner, effective February 1, 1971. Subsequently, the New York State Education Department became aware of the error involved in granting the extension and that there was no authority in law for granting such 6-year extension. Accordingly, in a letter dated March 5, 1974, the New York State Education Department advised petitioner that his extension certificate was being annulled and that his provisional certificate had expired on September 1, 1973. Petitioner was further informed that in order to maintain his position in the Rhinebeck Central School District, he must complete 6 hours of graduate study prior to September 1, 1974, and an additional 6 semester hours prior to September 1, 1975, in order to qualify for a teaching position in the respective 1974/1975 and 1975/1976 teaching years. Petitioner completed the first of these 6 hours’ credits but did not complete the second 6 hours’ credits before September 1, 1975. By letter dated August 26, 1975, petitioner was informed that he would be deemed an unqualified teacher *475 due to his lack of certification and the school board could not legally employ petitioner for the school year beginning September 2, 1975. On September 1, 1975, petitioner was suspended from his position as a teacher and, thereafter, the respondent board of education, on November 3, 1975, determined that there was probable cause for charges against petitioner based on lack of certification and other charges which are not germane to the present proceedings. In early December, 1975, and before any hearing on the charges of November 3, 1975, pursuant to section 3020-a of the Education Law, petitioner instituted an article 78 proceeding. This matter was argued before a Special Term of the Supreme Court and, later, before the Appellate Division (53 AD2d 951) before same was eventually decidéd by the Court of Appeals in a decision dated December 22, 1976, reported in 41 NY2d 183, which held that petitioner’s suspension was not a violation of section 3020-a of the Education Law and petitioner was not entitled to pay during the period of suspension. On January 27, 1977, the tenure hearing was held and testimony taken. Subsequent to the date of the charges on November 3, 1975, including the lack of certification charge, petitioner completed the requirements of graduate study for permanent certification and did receive a permanent certificate in physical education effective February 1, 1977. On March 17, 1977, the tenure hearing resulted in panel deliberations on the charges, and the written majority opinion is dated March 31, 1977, and April 4, 1977. By chapter 82 of the Laws of 1977, section 3020-a of the Education Law was amended as concerns tenure hearing. This statutory amendment, by its very terms, became effective on April 15, 1977. Thereafter, the written majority opinion of the hearing panel was filed with the New York State Education Department on April 21, 1977. On May 23, 1977, the board of education voted unanimously to dismiss the petitioner from his position as teacher for lack of certification in accordance with such finding of the tenure panel and the charges under date of November 3, 1975.
ISSUE
The main issue before the court is whether the new procedure for removal of tenured teachers contained in chapter 82 of the Laws of 1977, effective by its terms on April 15, 1977, are applicable to the proceedings brought against the petitioner herein. As noted in the recitation of facts, chapter 82 *476 became effective approximately IV2 years after charges had been brought against the petitioner, 2Vz months after the panel’s hearing and testimony therein was concluded, and approximately 2 weeks after the majority opinion of the hearing panel was signed, but before the board of education acted to terminate petitioner for failure to maintain certification.
CONCLUSION
This court notes that the hearing panel report was rendered at a point in time when its findings and recommendation were not final or binding. That report was not received by the Commissioner of Education until April 21, 1977, and the board did not reach its determination until May 23, 1977. Prior to both of those dates, the Legislature passed, and the Governor signed into law, the amendment to section 3020-a of the Education Law (heretofore noted) and that amendment was specifically made effective as of April 15, 1977.
In the opinion of this court, the April 15, 1977 amendment applied to cases instituted after April 15, 1977. A contrary interpretation would mean that the time and effort spent in numerous panel hearings throughout the State of New York, pending in some instances, after the overwhelming part of the hearing had been completed, would go to waste and be of no avail. This court does not believe that it was the intent of the Legislature to effectuate such time and effort wasting result.
Basic changes created by chapter 82 of the Laws of 1977, effective April 15, 1977, amending section 3020-a of the Education Law, relate to: (1) the composition of the tenure hearing panel; and (2) altering the decision of such hearing panel, previously an advisory (to the board of education) decision only into a final and binding determination of the matter. However, the mechanics of the present matter were all completed prior to the effective date of the amendment with only final decision of the respondent to be rendered after the date of the amendment, and this was to be based solely upon the prechapter 82 completed record. Analogous to the present matter is Matter of Berkovitz v Arbib & Houlberg (230 NY 261), which dealt with a fundamental change in the fact-finding process, and there Judge Cardozo clearly stated the principle that once litigation has started, the rules were not to be changed in midstream. "We think the Arbitration Law is applicable to pre-existing contracts, but not to pending ac *477 tions.” (Matter of Berkovitz, supra, p 269.) It is presumed that the Legislature intended changes in the form of remedies to be applicable to proceedings thereafter to be instituted, the court held. The rationale of Berkovitz would require that the prechapter 82, section 3020-a procedures be followed in the present matter wherein the hearings and all testimony thereat were completed more than 21A months prior to the date of the chapter 82 amendment.
In Sessa v State of New York (88 Misc 2d 454), it was held that a statute extending limitations period for filing of late claims against the State operated prospectively only and did not revive claims which were barred prior to the effective date of the statute. There, the respondent, the State of New York, argued that movant’s claim had expired by the 3-year Statute of Limitations and that the new subdivision 6 of section 10 (L 1976, ch 280, approved on June 8, 1976, but not effective until Sept. 1, 1976, which extends the time period for an application for the filing of a late claim to six years) of the Court of Claims Act cannot revive a barred cause of action, asserting (p 459), "that there is no language or indication in the statute that would require it to be given a retrospective construction, and that, therefore, the statute must be construed prospectively.”
Jacobus v Colgate (217 NY 235, 240) held that it is the general rule that amendatory statutes are to be construed as prospective only, unless there is a clear expression of the legislative purpose to justify a retroactive application.
In McKinney’s Consolidated Laws of New York textual treatise on the construction and legal interpretation of the statutes enacted by the Legislature, it is stated (Book 1, Statutes, § 51, subd [b]): "Generally, statutes are construed as prospective, unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction.”
Judicial interpretation has generally construed statutes as being prospective. (Cf. Gallewski v Hentz & Co., 276 App Div 219, affd 301 NY 164.)
This court has carefully reviewed chapter 82 of the Laws of 1977 and specifically sought to analyze this court’s interpretation of the legislative intent contained therein. As a result, no indication was found, much less specific words directing, that the amendatory statute was to be retrospectively applied.
It is the determination of this court that chapter 82 of *478 the Laws of 1977, enacted and effective as of April 15, 1977, as it relates to composition of tenure hearing panel and nature of its decision shall and does apply only to tenure hearings commenced after the effective date of the said amendment. Accordingly, the respondent board of education acted properly, both procedurally and jurisdictionally, in its determination of the present matter based on the prechapter 82 statute.
Next, the court considers the nature of, and effective date of, the charge(s) against petitioner. It is the decision of this court that the charge of "Failure to Maintain Certification” as referred to in section 3013 (subd 2, par [c]) of the Education Law relates to certification as of the date of the original charge — in this case, to the date of November 3, 1975, when the respondent board of education determined that there was probable cause for charges against petitioner based on lack or failure of certification, and such charge does not refer to certification at the time of hearing and decision on the charge (January 27, 1977, and May 23, 1977, respectively). Of the 15 months’ lapse between date of original charges (November 3, 1975) and date of tenure panel hearing (January 27, 1977), 13 months were consumed by the action of petitioner in pursuit of legal proceedings resulting in Court of Appeals decision dated December 22, 1976 (41 NY2d 183), and no more than two months can be chargeable to respondent board of education. In effect, petitioner seeks additional benefits inuring to himself as a result of the delayed date of the tenure panel hearing, which delay was caused primarily by petitioner’s own action in bringing an article 78 proceeding eventually resulting in the Court of Appeals determination that petitioner’s suspension was not a violation of section 3020-a of the Education Law and that petitioner was not entitled to pay during the period of suspension. This latter portion of the decision was based on sections 3001, 3009 and 3010 of the New York Education Law which prohibits employment of uncertified teachers, with section 3009 referring to uncertified teachers as "unqualified” teachers. It appears uncontradicted that petitioner could not show completed graduate credits so as to be classified as a "qualified” teacher when he started such appeal process, nor would he have been able to prove such, if the charges went to hearing immediately after the bringing of such charges on November 3, 1975. Curing the defect during this self-chosen lengthy appeal process does not automatically produce for petitioner a retroactive result as concerns the then pending charges.
*479 Having determined that respondent board of education was procedurally justified in accepting the results of all prechapter 82 proceedings, culminating in the only postchapter 82 proceeding remaining to complete the entire matter, to wit, the decision and determination of the said respondent, and having reviewed all of the documents submitted in connection with this present petition as well as a review of the transcript accumulated during the course of the tenure panel hearing together with an examination of the exhibits submitted both by petitioner and respondent, the court concludes from such examination that the charges and specifications presented were proven by legal and competent evidence in sufficient quality and quantity to substantiate the charge and specification as to failure to maintain certification as of November 3, 1975, and justify the determination of the tenure hearing panel and the respondent.
From all of the evidence presented on this application, the court does not find that the decision of the tenure hearing panel or the respondent was arbitrary and capricious or an abuse of discretion and, further, decides that the determination and penalty made as a result of the hearing held on January 27, 1977, and based on the entire record were supported by substantial evidence. Accordingly, petition herein is dismissed. Petitioner’s application to strike the supporting affidavit of Edwin J. Johnson, president of the respondent board of education, is also denied.