■ In the Matter of ANTHONY J. MELITI, Appellant, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWN OF RHINEBECK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination by respondent, board of education, which discontinued the petitioner's services as a tenured teacher because of lack of certification, petitioner appeals from a judgment of the Supreme Court, Dutchess County, entered January 20, 1978, which, *inter alia,* dismissed the petition. Judgment affirmed, with costs. Petitioner received a provisional teaching certificate, valid for 10 years, in February, 1961 and commenced employment as a physical education teacher in the Rhinebeck Central School District in September, 1967. He was granted tenure in September, 1970. Thereafter, having failed to complete the 30 credit hours of graduate study necessary for permanent certification and facing loss of certification, petitioner applied for an extension of his provisional teaching certificate based upon time spent in military service. A six-year extension was granted. However, in March, 1974 petitioner was notified that the six-year extension had been granted in error, that it was being annulled and that his provisional certificate had expired on September 1, 1973. Petitioner was allowed to teach during the 1974-1975 school year after earning six credits during the summer of 1974, bringing his total graduate credits earned to 15. He was advised by the State Education Department that he would have to earn another six credits prior to September 1, 1975 if he wished to teach during the 1975-1976 school year. He failed to earn these additional credits and was, in effect, suspended without pay effective September 2, 1975. On November 3, 1975, the respondent board preferred charges, including lack of certification, against petitioner pursuant to section 3020-a of the Education Law. Petitioner demanded a hearing but prior thereto he commenced a CPLR article 78 proceeding challenging his removal from the payroll and the rescission of the extension of his provisional certificate, and seeking to enjoin the board from proceeding on the charges brought against him. That proceeding was finally resolved, against petitioner, in December, 1976 *(Matter of Meliti v Nyquist,* 41 NY2d 183). On January 27, 1977 the 3020-a hearing was held and testimony was taken. The panel members met on March 17, 1977 to deliberate on the charges. The written majority opinion is dated March 31, 1977 and April 4, 1977 and was filed with the State Education Department on April 21, 1977. On May 23, 1977 the board unanimously voted to dismiss petitioner from his employment for lack of certification. (The hearing panel majority had sustained the charge of lack of certification but recommended reinstatement as of September 1, 1978.) The main issue is whether the new procedure for removal of tenured teachers contained in chapter 82 of the Laws of 1977, effective by its terms on April 15, 1977, was applicable to the proceedings against petitioner. We hold that it was not. Insofar as it is pertinent to the instant matter chapter

82 effected two primary changes in the 3020-a hearing procedures. It changed the composition of the hearing panel and made the panel's determination, which had been advisory only, a final and binding decision. "The procedure in an action is governed by the law regulating it at the time any question of procedure arises" *(Lazarus v Metropolitan El. Ry. Co.,* 145 NY 581, 585). In other words, a change in procedure operates prospectively, though it will apply to pending proceedings if, as here, not specifically excluded. In *Lazarus,* all procedures but the final rendering of the referee's decision had been completed when the law was changed. But since the amendment related to the manner in which the referee had to render his decision, the change was held applicable. More recently, in *Matter of Clayton v Clement* (33 NY2d 386), a prior change in 3020-a hearing procedures, giving the teacher the right to have his case heard before a hearing panel selected from a list provided by the Commissioner of Education, instead of before the employing board itself, was held to govern where the effective date of the amendment was between the board's filing of charges and the commencement of the hearing. At bar, *all* hearing panel procedures were completed *prior to* April 15, 1977, the effective date of chapter 82 of the Laws of 1977. Thus, when rendered, the panel's determination was advisory in nature. Action taken or completed after April 15 involved only the ministerial act of forwarding the determination to the proper parties and, of course, the board's independent review and final determination in the matter. Since, in our view, the hearing panel's determination cannot be deemed final and binding because the panel was not composed in accordance with the new law, we hold that the amendment did not operate to deprive the board of its power to make the final determination under section 3020-a of the Education Law (see *Matter of Berkovitz v Arbib & Houlberg,* 230 NY 261). It appears that petitioner earned 15 additional graduate credits after November 3, 1975, the date charges were preferred against him, and acquired permanent certification effective February 1, 1977. We agree with Special Term's holding that the acquisition of a permanent certificate prior to the board's determination did not make the charges against petitioner moot or deprive the board of jurisdiction to terminate his employment and that such penalty was neither arbitrary nor an abuse of discretion. Latham, J. P., Damiani, Margett and Hawkins, JJ., concur. [92 Misc 2d 473.]