■ FRANK A. TUCCI, JR., Appellant, v BOARD OF EDUCATION OF THE WASHINGTONVILLE CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of education which found petitioner guilty of certain charges of misconduct and dismissed him from his position, petitioner appeals from a judgment of the Supreme Court, Orange County, dated March 27, 1979, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, determination annulled and petition

granted to the extent that the matter is remitted to the board for implementation of the report of the hearing panel dated March 17, 1978 in accordance with subdivision 4 of section 3020-a of the Education Law, as amended by the Laws of 1977 (ch 82, § 4). Petitioner was charged under section 3020-a of the Education Law with insubordination, conduct unbecoming a teacher, failure to maintain certification and offering false information. A hearing panel, constituted under section 3020-a prior to its amendment by the Laws of 1977 (ch 82, § 4), commenced hearings prior to the amendment's effective date of April 15, 1977, and conducted them subsequent to that date before rendering a report sustaining only the charges of conduct unbecoming a teacher and failure to maintain certification, and "recommending" suspension of petitioner without pay for the remainder of the 1977-1978 school year. Despite objection, the respondent board of education proceeded to review the report and rendered a determination sustaining all of the charges and dismissing petitioner from the school district's employ. Petitioner sought review of this determination on the ground, *inter alia,* that the amendment of section 3020-a of the Education Law by the Laws of 1977 (ch 82, § 4), which stripped boards of authority to determine such cases and instead directed them to implement the recommendations of hearing panels, applied to the instant proceeding. Special Term held that chapter 82 was inapplicable because the hearings had commenced prior to the April 15, 1977 effective date, relying on this court's decision in *Matter of Meliti v Board of Educ.* (64 AD2d 631). We reverse. As we noted in the *Meliti* decision, the hearing panel had discharged its duty under unamended section 3020-a by rendering a report prior to the effective date of the amendment. In the instant case the panel rendered its report after the effective date. In both cases the issue was whether the board of education, upon receipt of the respective report, was authorized to treat it as a recommendation under unamended subdivision 4 of section 3020-a or as a determination that it was authorized only to implement under amended subdivision 4 of section 3020-a. Since the report in the instant case was rendered after the effective date of the amendment, its status was that of a determination upon the panel's discharge of its duty to hear and decide rather than to hear and report. Moreover, when focusing on the status of the board rather than the panel, the analysis results in the conclusion that the board's duty was a step or stage of the proceeding subsequent to the discharge by the panel of its duty to conduct hearings and issue a report. As such, the amendment was prospective as to the board and effectively bound it (see *Matter of Berkovitz v Arbib & Houlberg,* 230 NY 261, 270; *Lazarus v Metropolitan El. Ry. Co.,* 145 NY 581, 585). Therefore the board was authorized only to implement the hearing panel's determination. Rabin, J. P., Gulotta, O'Connor and Weinstein, JJ., concur.