In the Matter of FRANK A. TUCCI, JR., Appellant, v GORDON M. AMBACH, as Commissioner of Education, Respondent. — Casey, J.

Petitioner contends that under the transactional analysis approach to the doctrine of res judicata, respondent was estopped from considering the school district's appeal as the result of prior judicial proceedings between petitioner and the school district. We disagree.

In 1976, charges were filed against petitioner, a tenured teacher employed by the Washingtonville Central School District (hereinafter school district) pursuant to Education Law § 3020-a. A hearing panel was designated and hearings on the charges began in December 1976. The hearing panel issued its decision in March 1978, finding petitioner guilty of some of the charges and recommending a suspension without pay for a certain period of time. Meanwhile, in April 1977, the Laws of 1977 (ch 82) was signed into law, effective immediately, amending section 3020-a to make the hearing panel's decision, which had formerly been advisory, binding on the parties and subject to review by respondent or by the courts. The school district took the position that the amendment to section 3020-a did not apply to pending hearings and, therefore, treated the hearing panel's

decision as advisory only. The school district adopted a resolution finding petitioner guilty of all charges and dismissed him.

Petitioner sought CPLR article 78 relief contending that, as a result of the amendment to Education Law § 3020-a, the school district was powerless to substitute its determination for that of the hearing panel.* In opposition, the school district claimed that the amendment to section 3020-a did not apply to pending proceedings and that the school district's findings were supported by substantial evidence. Ultimately the Appellate Division, Second Department, held that since the amendment to section 3020-a was effective before the hearing panel had discharged its duty by rendering a decision, "the amendment was prospective as to the board and effectively bound it" (*Tucci v Board of Educ.*, 77 AD2d 869, 870, *lv denied* 51 NY2d 709). The matter was "remitted to the board for implementation of the report of the hearing panel dated March 17, 1978 in accordance with subdivision 4 of section 3020-a of the Education Law, as amended" (*supra,* p 870). The school district thereafter appealed to respondent pursuant to Education Law § 3020-a (5), contending that the hearing panel's decision was erroneous insofar as it failed to sustain all charges against petitioner and imposed a penalty of less than dismissal. Respondent affirmed the hearing panel's findings, but authorized the school district to impose a larger period of suspension without pay than that established by the hearing panel. This proceeding ensued.

In rejecting petitioner's res judicata/collateral estoppel argument, Special Term concluded that the Second Department had neither expressly nor impliedly decided the issues raised by the school district in its appeal to respondent. Petitioner does not challenge this conclusion, but argues that estoppel is nevertheless applicable to the school district's appeal since those issues could have been litigated in the prior article 78 proceeding.

The doctrine of collateral estoppel, or issue preclusion, may be invoked only upon proof of two elements, including proof that the issue decided in the prior action is identical to, and thus decisive of, the issue in the current action (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). It is conceded that the issues decided by the Appellate Division, Second Department, are not identical to those raised by the school district's appeal to respondent.

---

* Even before the hearing panel rendered its decision, the parties had attempted to litigate the question of the applicability of the amendment to Education Law § 3020-a, but Special Term (Orange County) found the proceeding premature, concluding that the issue should be litigated only after the school district acted on the hearing panel's decision.

Turning to the doctrine of res judicata, or claim preclusion, New York has "moved to a more pragmatic test, which sees a claim or cause of action as 'coterminous with the transaction regardless of the number of substantive theories or variant forms of relief * * * available'" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192; *see also, Matter of Reilly v Reid*, 45 NY2d 24, 29). The doctrine, however, "is tempered by recognition that two or more different and distinct claims or causes of action may often arise out of a course of dealing between the same parties, even though it is not, except in refined legal analysis, easy to say that a different gravamen is factually involved" (*Matter of Reilly v Reid, supra,* p 28). We see little difficulty in concluding that the gravamen of the school district's appeal to respondent differs from that involved in the prior proceeding. In the prior proceeding, petitioner challenged the validity of the determination of the *school district,* contending that the *school district* had no authority to substitute its determination for that of the hearing panel and that the *school district's* determination was not supported by substantial evidence. In its subsequent appeal to respondent, the school district claimed that the *hearing panel's* decision was not supported by substantial evidence and that the penalty established by the *hearing panel* was inadequate. Although the claims in the two proceedings arose out of a course of dealing between the parties, the claims relate to different determinations, by different administrative bodies, and involve different legal and factual issues. Indeed, the school district's claims did not arise until petitioner prevailed on its claim that the school district was bound by the hearing panel's decision. For these reasons, petitioner's res judicata argument must be rejected and, therefore, Special Term's judgment dismissing the petition should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.