In the Matter of the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, February 14, 1967.

*Lloyd L. Rosenthal* for petitioner. *Abraham S. Clayman* for City School District Attorneys Association, *amicus curiæ*. *Charles A. Brind, John P. Jehu, Elizabeth M. Eastman, Louis H. J. Welch, Joseph F. Gibbons* and *Lawrence W. Reich* for respondent.

HAROLD E. KOREMAN, J. In this proceeding pursuant to article 78 of the CPLR, petitioner, the Board of Education of the City of Poughkeepsie, New York, seeks to annul a determination made by respondent wherein he sustained the appeal of one Marlene Sperling from the action of petitioner denying her tenure as a teacher in petitioner's school system. Respondent has not interposed an answer but has filed objections in point of law and moves for an order pursuant to CPLR 7804 (subd. [f]), dismissing the petition on the ground that it does not state facts sufficient to entitle petitioner to the relief requested. The City School District Attorneys Association has appeared *amicus curiæ* and has filed a brief in support of the relief sought by petitioner.

The determination of the respondent was based on the following undisputed facts: One Marlene Sperling was first appointed an elementary school teacher as of September 1, 1958 and served until the end of the school year in June, 1960. On March 23, 1960 she had requested a maternity leave of absence, and at the same time, made a request that she be placed on the list of day-to-day substitute teachers commencing February, 1961. In reply to this request, petitioner's Superintendent of Schools advised Mrs. Sperling that since maternity leaves are granted only to teachers on tenure she would not be eligible for such leave, and also advised that her name would be placed on the list of substitute teachers when her child was a year old. In further response to her letter of March 23, 1960, the Superintendent again wrote to Mrs. Sperling advising that her resignation, because of approaching maternity, had been accepted by petitioner and that her name would be placed on the substitute list when her child was a year old. Following the birth of her child, Mrs. Sperling was employed by petitioner as a substitute teacher for two different periods of time in 1962, and then was

re-employed as a teacher for the full school years commencing September 1, 1962 until the end of the school year on June 30, 1965, and in each of these three years, Mrs. Sperling signed petitioner's form notice purporting to appoint her on a probationary basis and containing an acceptance of appointment on that basis. Prior to the expiration of the third year she was notified that she would not be recommended for appointment on tenure.

Respondent found on these facts that Mrs. Sperling did not submit her resignation, nor did petitioner actually believe at any time that she intended to resign. Respondent also found as a fact, based upon the evidence before him, that there never was a legal termination of Mrs. Sperling's services under the probationary period that commenced September 1, 1958, since petitioner did not comply with subdivision 1 of section 2509 of the Education Law which provides that a teacher's probationary period may not exceed three years, and her services may only be discontinued during such period on recommendation of the Superintendent of Schools, by a majority vote of the Board of Education. Consequently, respondent concluded, Mrs. Sperling had actually served five years in her position and had acquired tenure by acquiescence at the time petitioner attempted to terminate her services. This conclusion was based on the legal premise that she was entitled to a leave of absence for maternity purposes as a matter of law, and any attempt to withhold such leave, and any by-law of petitioner denying maternity leave to a teacher, whether on probation or tenure, is void as against public policy.

In seeking to review and annul this decision made by respondent, pursuant to section 310 of the Education Law, petitioner charges that it was affected by an error of law, and is, therefore, arbitrary and capricious. Furthermore, petitioner contends that the Law and Rules of Practice adopted by the Commissioner of Education, pursuant to section 311 of the Education Law, provide that an appeal to the Commissioner must be taken within 30 days after the making of a decision or the performance of the act complained of or within that time after knowledge of the cause of complaint came to the person appealing to the Commissioner, or some satisfactory excuse must be rendered in the appeal for the delay. Petitioner takes the position that Mrs. Sperling was guilty of laches in failing to appeal to the Commissioner until June, 1965 from the denial of maternity leave and the action of petitioner accepting her request for such leave as a resignation, and, further, that no excuse for her inaction was offered on the appeal before respondent. Petitioner also

·alleges that Mrs. Sperling not only acquiesced in the decision of petitioner at the time she was denied maternity leave but several times thereafter when she accepted employment as a substitute teacher and then as a probationer for three successive school years.

It cannot be questioned that the decision of the Commissioner of Education in matters concerning educational or administrative policy in the State's school system is final and not subject to review by the courts, unless purely arbitrary, and in making a policy judgment the Commissioner may substitute his judgment for that of a local board even where the action of the local board was not arbitrary (*Matter of Board of Education of City of N. Y.* v. *Allen,* 6 N Y 2d 127; *Matter of Vetere* v. *Allen,* 15 N Y 2d 259; see, also, *Bullock* v. *Cooley,* 225 N. Y. 566; *Matter of Levitch* v. *Board of Educ. of City of N. Y.,* 243 N. Y. 373). As stated in *Matter of Vetere* v. *Allen* (*supra,* p. 267) : '' Disagreement with the sociological, psychological and educational assumptions relied on by the Commissioner cannot be evaluated by this court. Such arguments can only be heard in the Legislature which has endowed the Commissioner with an all but absolute power, or by the Board of Regents, who are elected by the Legislature and make public policy in the field of education ''.

As far back as 1904 the Court of Appeals declared void a by-law of a school Board of Education which provided for termination of employment of a female teacher if she should marry (*People ex rel. Murphy* v. *Maxwell,* 177 N. Y. 494). Thereafter there evolved a public policy permitting a reasonable period of absence for a teacher due to pregnancy, which is the lawful and natural consequence of marriage, and absence for maternity purposes could not affect her rights or status to which she would otherwise be entitled as a teacher. (See *Matter of Peixotto,* 4 N. Y. St. Dept. Rep. 596; *Matter of Ross,* 40 N. Y. St. Dept. Rep. 157.) Based on this established policy, in a decision made in 1935, which was upheld by the courts, the Commissioner of Education held that a teacher is entitled to a maternity leave of absence, and could not be dismissed because of pregnancy (*Matter of Kabatt,* 52 N. Y. St. Dept. Rep. 59; 246 App. Div. 886, app. dsmd. 271 N. Y. 629, mot. for rearg. den. 272 N. Y. 508, cert. den. 300 U. S. 657, rehearing den. 300 U. S. 687). I can perceive of no distinction between a married teacher on tenure and one on probation insofar as concerns the declared public policy governing leaves of absence for maternity purposes. The same considerations out of which such a public policy arose are present in either case.

While petitioner is authorized by statute to adopt rules and regulations for granting of leaves of absence (Education Law, § 2509, subd. 7), a by-law so enacted is void and of no effect if it contravenes the declared public policy of the State (*People ex rel. Murphy* v. *Maxwell, supra*).

Under the circumstances present here, it cannot be said that respondent was purely arbitrary in concluding that petitioner failed to comply with the statutory requirements for termination of Mrs. Sperling's employment (Education Law, § 2509, subd. 1), and that thus she acquired tenure by acquiescence. As to petitioner's claim of laches on the part of Mrs. Sperling, since respondent found that she had acquired tenure because of her continued employment after an ineffectual attempt to terminate her services, her rights were not adversely affected and she had no legal cause to complain of any action on the part of petitioner until her services were terminated at the end of the 1965 school year.

Respondent's determination was upon a matter of purely educational concern, and since it is not based on pure arbitrariness, it must be accorded the finality of section 310 of the Education Law. (*Matter of Board of Educ. of City of N. Y.* v. *Allen, supra*; *Matter of Vetere* v. *Allen, supra*.) Accordingly, the petition is dismissed.