In the Matter of LESTER BUTLER, Appellant, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— GIBSON, P. J. Appeal from a judgment of the Supreme Court which, on respondents' motion (CPLR 7804, subd. [f]), dismissed the petition in a proceeding brought pursuant to article 78 of the CPLR to review a determination of respondent Commissioner sustaining the action of the Board of Education of the City of New York in discontinuing petitioner's services as a junior high school teacher before the expiration of his probationary period. By letter addressed to him by the Deputy Superintendent of Schools, petitioner

was "requested to be present at an interview in reference to" his principal's report and was advised by that letter that at such interview he would be "given the opportunity to present [his] refutation concerning the Principal's Report." The principal's report thus referred to gave petitioner an "unsatisfactory" rating and did not recommend his continued service. Petitioner urges, among other grounds entitling him to judgment annulling the respondent Commissioner's determination, that he "was not given time to prepare his defense; was not permitted to be represented by counsel; was denied cross-examination; and denied the opportunity to call witnesses", constituting, in his view, denial of due process. Thus, appellant's main argument, as summarized by him, is that his "procedural rights were violated"; but, of necessity, his basic complaint must be that he was dismissed, and, as an incident of his dismissal, denied tenure, without a formal hearing after preferment of charges (cf. *Matter of Pinto* v. *Wynstra*, 22 A D 2d 914). Whatever the course of the "interview" and the conduct of the procedures accorded him, whether gratuitously or otherwise, the ultimate issue is that of his dismissal and this was authorized, without restriction, "at any time during [the] probationary period, on the recommendation of the superintendent of schools, by a majority vote of the board of education." (Education Law, § 2573, subd. 1.) Nothing that occurred prior to that discontinuance of his service, and nothing in section 105-a of the By-Laws of the Board of Education, served to enlarge appellant's rights or to restrict the board's authority in respect of discretionary dismissal. Appellant's additional contentions are also without merit. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J.