◼ In the Matter of NANCY DWYER, Respondent, v BOARD OF EDUCATION OF THE CAZENOVIA CENTRAL SCHOOL DISTRICT, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered March 16, 1977 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate her to a full-time remedial reading position retroactive to September, 1976, and directed that she be granted tenure. In this proceeding petitioner sought reinstatement to a full-time remedial reading position, retroactive to September, 1976, and the grant of tenure. Special Term so adjudged, relying on tenure by acquiescence and estoppel and on petitioner's seniority in her area of competence. Petitioner was employed under probationary status as a full-time reading teacher for three consecutive school years, from September, 1973 through June, 1976. The three-year probationary period for teachers within appellant's domain (Education Law, § 3012, subd 1, par [a]) cannot be extended or waived *(Matter of Baer v Nyquist,* 34 NY2d 291; *Matter of Mannix v Board of Educ.,* 21 NY2d 455; *Matter of Boyd v Collins,* 11 NY2d 228). The Education Law requires the superintendent to submit a written report to the board of education at the end of the probationary period, recommending either the denial or grant of tenure (Education Law, § 3012, subd 2). Section 3031 of the Education Law requires the board, in turn, to take certain action in the event it intends to discontinue the services of a probationary teacher. Turning to the case at bar, on March 11, 1976, appellant informed petitioner that she would be placed on part-time status for the 1976–1977 school year, and, inasmuch as she would not be a full-time teacher, appellant would not act on her tenure candidacy. Petitioner wrote to appellant on April 13, 1976, accepting the part-time position and advising appellant that "[y]ou will understand, however, I plan on retaining any and all contractual and statutory rights accorded New York State teachers". Petitioner returned to teach within the school district and has continued to teach there ever since. It is also a matter of record that appellant has in its employ full-time reading teachers with less seniority than petitioner. We affirm Special Term's holding that petitioner is entitled to tenure by acquiescence and estoppel. All petitioner need show is that she continued in appellant's employ beyond the probationary term and that she continued to receive her salary with the knowledge and consent of the appellant. She met this burden. By limiting its appeal to that portion of Special Term's decision which granted tenure by acquiescence and estoppel, appellant concedes that petitioner was improperly denied seniority rights under section 2510 of the Education Law. She was entitled to any full-time position held by a less senior member of the faculty, along with all attendant rights and payments. Appellant incorrectly asserts that petitioner waived her tenure rights by agreeing to take the part-time position. As we noted above, these rights may not be waived *(Matter of Boyd v Collins, supra; Matter of Neer v Board of Educ.,* 57 AD2d 963). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.