In the Matter of GARY MARCUS, Appellant, v BOARD OF EDUCATION OF THE COHOES CITY SCHOOL DISTRICT, Respondent.

Third Department, November 22, 1978

### APPEARANCES OF COUNSEL

*Bernard F. Ashe* (*Richard E. Casagrande* of counsel), for appellant.

*Doherty & Doherty* (*John J. Doherty, Jr.,* of counsel), for respondent.

OPINION OF THE COURT

GREENBLOTT, J.

Petitioner is a licensed teacher, having permanent certification to teach in New York State. From September, 1968 through June, 1971, petitioner served on a probationary appointment in the Liverpool Central School District. At the board of education meeting on March 1, 1971, petitioner was appointed to tenure in the Liverpool Central School District, effective September 1, 1971, and was notified of the board's decision in a letter dated March 8, 1971. Petitioner signed the letter, acknowledging receipt of the notice of appointment and returned it to the office of the Liverpool Central Schools. On August 11, 1971 he resigned from his employment with the Liverpool Central School District.

Three years later, petitioner was given a probationary appointment as a teacher with the Cohoes City School District, effective September 1, 1974. Thereafter, petitioner notified his principal that he had tenure in the Liverpool Central School District and, thus, was eligible for a two-year probationary term in the Cohoes City School District (Education Law, § 2509, subd 1, par [a]). On March 29, 1976, petitioner's principal recommended him for tenure and two days later the chief school officer received a letter from the Liverpool Central School District stating that petitioner's tenure, granted on March 1, 1971, was to be effective on September 1, 1971, but that he had resigned on August 11, 1971. In a letter dated June 1, 1976, petitioner was notified that he was not eligible for the two-year probationary term. On March 10, 1977 the Cohoes City School District Board of Education resolved not to grant tenure to petitioner. Petitioner continued to teach at the Cohoes City School District until June 30, 1977. In October, 1977 petitioner commenced a proceeding pursuant to CPLR article 78 to be reinstated as a teacher in the Cohoes City School District with tenure and with all back salary and benefits. Special Term denied petitioner's application in all respects. The issues are whether petitioner was entitled to a reduced probationary period pursuant to section 2509 of the Education Law by virtue of his prior service in another school district, and, if so, whether he acquired tenure by acquiescence and estoppel when he taught at Cohoes past his second year.

Paragraph (a) of subdivision 1 of section 2509 of the Education Law states "that in the case of a teacher who has been

appointed on tenure in another school district within the state * * * the probationary period shall not exceed two years." Petitioner maintains that he is entitled to the benefits of section 2509 because he was "appointed on tenure" when the Liverpool Board of Education took formal action on March 1, 1971. Respondent contends that since tenure was not effective until September 1, 1971, petitioner was not yet tenured when he resigned on August 11, 1971.

We conclude that petitioner comes within the purview of the statute. The Liverpool Board of Education indicated its approval of petitioner's performance as a teacher when it met on March 1, 1971, and recommended a tenure appointment for petitioner. Thus, the purpose of the probationary period—to evaluate a teacher's competency—had been accomplished by March 1, 1971. There was no further evaluation of petitioner's performance after that date.

Prior appointment on tenure by another school district is the only express requirement of section 2509 to reduce the probationary period of a teacher. Petitioner should not be denied the benefits of section 2509 merely because he resigned three weeks before the effective date of his tenure. Otherwise, the purpose and underlying logic of section 2509 that two years is a sufficient probationary period for a teacher who has previously been appointed on tenure would be defeated (see legislative memorandum in support of chapter 140 of the Laws of 1975; NY Legis Ann, 1975, p 160). Furthermore, we see no reason to read into section 2509 a requirement that the teacher actually commence his fourth year of teaching as a prerequisite to a reduction of his probationary period in another school.

We further find that petitioner acquired tenure by acquiescence and estoppel. Tenure may be acquired in two ways: by specific award of the board of education or by acquiescence. As noted by the Commissioner of Education in *Matter of Macera* (10 Ed Dept Rep 232, 233): "Tenure by acquiescence results where a teacher continues to teach beyond the expiration of the probationary term with the full knowledge and consent of the board of education where the board has failed to take the action required by law to grant or deny tenure *(Matter of Downey,* 72 St Dept Rep 29 [1951])."

Petitioner's probationary period in the City School District of Cohoes should have been two, not three years (Education Law, § 2509, subd 1, par [a]). Since this was made known to

respondent by petitioner, we conclude that when petitioner started his third year of teaching in the Cohoes City School District, he acquired tenure by acquiescence through actual service beyond his probationary period *(Matter of Moritz v Board of Educ.,* 60 AD2d 161, 165; *Matter of Mugavin v Nyquist,* 48 AD2d 727, 728, affd 39 NY2d 1003).

The board failed to take the necessary action required by law to deny petitioner tenure. "The statutory tenure terms can be changed by the Legislature but never by a board of education" *(Matter of Boyd v Collins,* 11 NY2d 228, 233; see, also, *Matter of Mannix v Board of Educ.,* 21 NY2d 455, 459; *Legislative Conference of City Univ. of N.Y. v Board of Higher Educ.,* 38 AD2d 478, 480, affd 31 NY2d 926). There is, thus, no reasonable basis in the record for respondent's contention that petitioner could be employed beyond June 30, 1976 without acquiring tenure.

The amended judgment should be reversed, on the law and the facts, with costs; the petition granted and the matter remitted to the respondent board of education for further proceedings in accordance with this opinion.

MAHONEY, P. J., STALEY, JR., MAIN and LARKIN, JJ., concur.

Amended judgment reversed, on the law and the facts, with costs, petition granted and matter remitted to the respondent board of education for further proceedings in accordance with this opinion.