■ In the Matter of JEAN MATTHEWS, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent, and

BOARD OF EDUCATION OF THE SCARSDALE UNION FREE SCHOOL DISTRICT, Intervenor-Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered March 10, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to vacate a determination by respondent Commissioner of Education, denying petitioner tenure. Respondent Board of Education (Board) appointed petitioner to the probationary position of "4th Grade Teacher of Reading" at the Quaker Ridge School, where she served for the school years 1967-1968, 1968-1969 and 1969-1970. By a letter, dated April 13, 1970, the principal of the Quaker Ridge School "confirm[ed] the fact that you [petitioner] are not being granted tenure at this time", but he also stated that for the school year 1970-1971, petitioner would be teaching developmental and remedial reading in grades six, seven and eight at Quaker Ridge School for three days a week at a salary of 60% of her 1970-1971 rate. Petitioner accepted this part-time position, and she also accepted a reappointment for the school year 1971-1972. After her two years of part-time service, petitioner was appointed by the Board to a full-time probationary position as a "teacher of skills" at Quaker Ridge School effective September 1, 1972. On or about April 11, 1975, petitioner was notified by the superintendent that she would not be granted tenure, and the Board terminated her second probationary appointment effective June 30, 1975. Petitioner appealed her dismissal to the Commissioner of Education (Commissioner), contending that she had acquired tenure by acquiescence and estoppel and was entitled to a hearing prior to her dismissal by the Board. The Commissioner, however, dismissed her appeal, which Special Term upheld. This appeal followed, and the issue is whether the Commissioner's determination in supporting the Board and in dismissing petitioner's appeal to him was arbitrary or capricious (*Matter of Strongin v Nyquist*, 44 NY2d 943, 945; *Matter of Chauvel v Nyquist*, 43 NY2d 48, 52; *Matter of Board of Educ. v Nyquist*, 59 AD2d 76, revd 45 NY2d 975; Education Law, § 310). At the outset, we note that a teacher may acquire tenure either by specific award of the Board of Education or by acquiescence and estoppel (*Matter of Marcus v Board of Educ.*, 64 AD2d 475). Tenure by acquiescence results "where a teacher continues to teach beyond the expiration of the probationary term with the *full knowledge and consent of the board of education where the board has failed to take the action required by law to grant or deny tenure* (*Matter of Downey*, 72 St Dept Rep 29 (1951)" (emphasis supplied; *Matter of Macera*, 10 Ed Dept Rep 232, 233; see, also, *Matter of Marcus v Board of Educ.*, supra). Subdivision 2 of section 3012 of the Education Law provides that at the expiration of a teacher's probationary period, the superintendent "shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory." The statute further provides that "Each person who is not to be recommended for appointment on tenure, shall be so notified by the superintendent of schools in writing not later than sixty days immediately preceding the expiration of his probationary period." In the case at bar, the superintendent did neither during 1970, and it was not until April 11, 1975, petitioner's eighth year of service, when he finally notified her of his recommendation that she not be granted tenure and that her services with the school district be terminated. It is true that the principal notified petitioner in 1970 that she was not being granted tenure "at this time", but that cannot be deemed a substitute for the responsibilities imposed by law upon the superintendent. Moreover, in *Matter of Dwyer v Board of Educ.* (61 AD2d 859), the petitioner therein was notified by the superintendent

that she would be placed on a part-time status following completion of her full-time probationary period, and that since she would not be a full-time teacher, the Board would not act on her tenure candidacy. We held in *Dwyer* that since the petitioner continued in the employment of the school board beyond her probationary term and continued to receive her salary with the knowledge and consent of the Board, she had acquired tenure by acquiescence and estoppel. In our view, a fortiori, *Dwyer* dictates the result of the case at bar. The record discloses that during 1970 the Board never took the action required by law to either grant or deny tenure to petitioner. Thus, the Board acquiesced in petitioner's teaching beyond her probationary term when, in 1970, it appointed her to a part-time position and then to a full-time position. Crucial to the outcome of this case is that petitioner served five years following her first probationary appointment with the Board's knowledge and consent before it finally undertook to make a tenure determination about her. Furthermore, the fact that petitioner accepted the part- and full-time positions cannot be said to amount to a waiver of her tenure rights; as we said in *Dwyer* (p 859), "These rights may not be waived [citations omitted]" (see *Matter of Board of Educ. v Nyquist, supra).* We also add that the rule that service by a part-time teacher does not constitute probationary service for purposes of acquiring tenure (see, e.g., *Matter of Nyboe v Allen,* 7 AD2d 822), relied upon by the Commissioner and Special Term, has no application where, as here, the part-time service follows the completion of a full-time probationary period. Petitioner acquired tenure by estoppel. However, neither the opinion of Special Term nor the decision of the Commissioner addressed the issue of what tenure area petitioner may have served during her eight years of service. We, therefore, remit the matter for further inquiry into this question. Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.