In the Matter of JANET LINDSEY, Respondent, v BOARD OF EDUCATION OF MT. MORRIS CENTRAL SCHOOL DISTRICT et al., Appellants.

Fourth Department, January 24, 1980

APPEARANCES OF COUNSEL

*Harris, Beach, Wilcox, Rubin & Levey (Susan Robfogel* of counsel), for appellants.

*Paul Klein (Janet Axelrod* of counsel), for respondent.

**OPINION OF THE COURT**

SIMONS, J.

■ ■ Respondents, Board of Education of Mt. Morris Central School District and the district's Supervising Principal, appeal from a judgment determining that petitioner Janet Lindsey has acquired tenure by estoppel and directing her reinstatement with back pay. Tenure by estoppel results when a school board fails to take the action required by law to grant or deny tenure and, with full knowledge and consent, permits a teacher to continue to teach beyond the expiration of her probationary term *(Matter of Marcus v Board of Educ.,* 64 AD2d 475; and see *Matter of Matthews v Nyquist,* 67 AD2d 790, app dsmd 47 NY2d 800; *Matter of Dwyer v Board of Educ.,* 61 AD2d 859; *Matter of Silver v Board of Educ.,* 46 AD2d 427; *Matter of Macera,* 10 Ed Dept Rep 232, 233; *Matter of Downey,* 72 NY St Dept Rep 29). The central issue of this appeal is whether petitioner may complete her statutory probationary period, and thereby achieve tenure by estoppel, by tacking together two noncontinuous periods of service.[1] We hold she may.

Briefly, petitioner had been a public school music teacher for approximately nine years before moving to Mt. Morris and she had previously been granted tenure by the Syracuse City School District. She was first employed by respondent as a full-time music teacher for a five-year probationary period (as the statute then provided), effective February 16, 1971, reappointed for a full year in 1971-1972 and then recommended

---

1. When this case was previously before us, we dismissed the petition because of petitioner's failure to file a notice of claim as required by subdivision 1 of section 3813 of the Education Law (see *Matter of Lindsey v Board of Educ.,* 64 AD2d 856). The Court of Appeals reversed (48 NY2d 646) and remanded for a decision on the merits, holding that respondents waived the defense by failing to raise it in the trial court.

for reappointment for the 1972-1973 school year. She was not reappointed for 1972-1973, however. During the spring of 1972 respondent's chief school officer informed her that because of financial problems the board intended to discontinue its program and contract with the Board of Cooperative Educational Services (BOCES) to supply music instruction. He suggested that petitioner apply to BOCES for employment, which she did, and in July, 1972 she was appointed a part-time music instructor by BOCES for the year 1972-1973. She was reappointed by BOCES for the year 1974-1975. During these two years petitioner continued to teach at the Mt. Morris Central School as she had before, but as an employee of BOCES, not of respondent. Respondent board did not abolish petitioner's job (see Education Law, § 2510) and it did not terminate her services (see Education Law, former § 3013, subd 1). Neither did petitioner submit a formal resignation to respondents (see Education Law, § 3019-a). At the trial she claimed that respondents promised that her tenure rights with the school district would be protected during this BOCES employment notwithstanding the change in employers. Respondents deny any such promise and Trial Term made no finding of fact which would support an equitable estoppel (see *Matter of Moritz v Board of Educ.,* 60 AD2d 161).

In 1974 respondents decided to restore the district music program and petitioner was rehired after she and 28 other candidates had been screened for the job. The board minutes indicate neither the nature nor the length of her employment. She worked for the district continuously thereafter until she received a notice on March 18, 1976 that her services would be terminated on June 30, 1976.

■ Trial Term, in a thoughtful and thorough decision, found that petitioner had been wrongfully discharged. By adding her service from February, 1971 to June, 1972 with her service from September, 1974 to June, 1976, it found that she had acquired tenure by estoppel because the board had consented to petitioner's employment beyond the statutory probationary period.[2] Respondents contend that these two noncontinuous periods may not be combined; that when the board rehired petitioner the rehiring was for a three-year probationary term

---

2. [3] Trial Term also held correctly that the services with BOCES could not be counted towards petitioner's probationary term because it was service with another employer and because it was part time (see *Matter of Rosenberg v Board of Educ.,* 51 AD2d 551; *Matter of Nyboe v Allen,* 7 AD2d 822).

and she was not entitled to add her 1971-1972 service to this because that employment was terminated by her voluntary resignation. They assert that while the board minutes were silent on the term of employment, the notice of appointment and salary notices stated that petitioner was serving a three-year probationary term commencing September, 1974, and petitioner accepted the employment on these terms without complaint.

Statutory analysis begins with section 3013 of the Education Law (the district is now governed by section 3012, see L 1978, ch 358) which grants the district Board of Education the authority to hire and fire teachers. It requires that teacher appointments be made from a list recommended by the district superintendent (or the district principal [see L 1975, ch 436]) for a probationary period not to exceed three years. Similarly, the statute provides that the employment of a teacher serving a probationary term may be terminated at any time during the probationary period by the board upon recommendation of the district superintendent (or principal) (Education Law, former § 3013, subd 1). The statute requires that the board grant or deny tenure on or before the expiration of the probationary term. Teachers receiving tenure hold their positions during good behavior and competent and efficient service, subject to dismissal only in accordance with the provisions of section 3020-a of the Education Law. A probationary teacher, on the other hand, may be terminated without a hearing and without specifying a reason for the termination (Matter of Butler v Allen, 29 AD2d 799; Matter of Pinto v Wynstra, 22 AD2d 914; but see Education Law, § 3031). If the board denies tenure the statute requires notice to the probationary teacher before the probationary appointment expires (Education Law, former § 3013, subd 2). Finally, while a Board of Education, acting in good faith, may abolish a teaching position, it must provide the opportunity for the affected teacher to be re-employed by placing the teacher's name on a preferred eligible list (Education Law, § 2510, subd 3; Matter of Lezette v Board of Educ., 35 NY2d 272, 279; Matter of Young v Board of Educ., 35 NY2d 31; Matter of Silver v Board of Educ., 46 AD2d 427, supra). These statutory provisions are designed to attract qualified teachers and to provide them with academic independence and reasonable job security by granting tenure after a successful period of probation (see, generally, Matter of Baer v Nyquist, 34 NY2d 291, 295;

*Matter of Moritz v Board of Educ.,* 60 AD2d 161, 166-167, *supra).* A school district failing to adhere to them continues the employment of a teacher beyond the probationary period at the risk of later being estopped from denying her tenure (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272, *supra).*

■ Although respondents urge it, nothing in the tenure statutes requires that probationary service be continuous, and since the board did not terminate petitioner's employment or abolish her position, the decisive issue is whether, as respondents maintain, petitioner voluntarily resigned her position by accepting employment with BOCES for the 1972-1973 and 1973-1974 academic years. If she did, there was a complete break in her service and she could not count the time accrued in prior years for purposes of achieving tenure (see *Matter of Doering v Hinrichs,* 289 NY 29, 33).

Trial Term found that petitioner had not voluntarily resigned; that her job was to be left vacant for financial reasons; and that respondents urged her to transfer to BOCES to ease the financial problems of the school district. It found that she had no choice but to seek other employment. The court noted that petitioner changed jobs at a reduction in salary to herself but without any noticeable lessening of her duties because during her two years of BOCES employment petitioner taught virtually the same classes as she did when employed by respondent (less only study hall assignments), she taught in the same building and rooms, and she taught the pupils of respondent school district. Under the circumstances, it found, as do we, that petitioner did not voluntarily terminate her services with respondent in 1972. The distinction to be made is between an employee who voluntarily quits a job while the job remains available and an employee who accepts alternative employment when her job has been discontinued or her employment wrongfully terminated. In the latter case, both the courts and the commissioner have held that no resignation will be implied *(Matter of Board of Educ. v Allen,* 52 Misc 2d 959, affd 30 AD2d 742; *Matter of Brown,* 15 Ed Dept Rep 479; *Matter of Gumpert,* 10 Ed Dept Rep 77).

The school district could have resolved this situation by terminating petitioner pursuant to the statute. Her services towards tenure then would have started from the rehiring in 1973. By the same act, petitioner's preferred eligibility for reemployment with the school district when the position was

restored would have been protected (see Education Law, § 2510, subd 3; *Matter of Lezette v Board of Educ.*, 35 NY2d 272, *supra*). Instead, when respondent restored the music position petitioner had to compete, without any legal preference, with 28 other applicants, her years of prior employment notwithstanding. When she was re-employed she was paid at step four of the salary scale, a rate which acknowledged credit for three full years of prior service with the Mt. Morris district but which was six pay grades lower than the pay she had formerly received during 1970-1972.

Respondents also contend that they may not be estopped from denying tenure because petitioner was employed by them without knowledge on their part, that by permitting her to continue she would be enabled to acquire tenure by estoppel. But respondents had petitioner's complete personnel file and at least as early as spring 1972 they were aware that she was concerned about her service towards tenure if she took the BOCES job. Petitioner discussed the matter with her chief school office, and the Board of Education discussed the tenure problems of teachers going on the BOCES payroll at its meeting of June, 1972 but without resolving their status. When petitioner was rehired in 1974, she complained to respondent Zygadlo that she was entitled to credit for her prior service and that she was entitled to be paid at a higher rate. This was sufficient. Petitioner need prove only that the board was aware of the operative facts and nevertheless continued her employment. She is not required to prove that it understood the ultimate legal consequences of its actions (see *Matter of Dwyer v Board of Educ.*, 61 AD2d 859, *supra*).

Finally, we find no merit to respondents' contentions that petitioner is foreclosed by the Statute of Limitations (see CPLR 217; *Matter of Sikora v Board of Educ.*, 51 AD2d 135; *Matter of Wininger v Williamson,* 46 AD2d 689), by laches (see *Matter of Board of Educ. v Allen,* 52 Misc 2d 959, *supra),* or that she has waived her claim to tenure because she did not challenge legally her probationary status when she was rehired in 1973 (see *Matter of Baer v Nyquist,* 34 NY2d 291, *supra; Matter of Dwyer v Board of Educ., supra).* There are circumstances in which a teacher may waive her statutory tenure rights (see *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, cert den 444 US 845), and clearly a teacher's knowledge that her employers consider her employment pro-

bationary may well be relevant in some cases *(Matter of Becker v Board of Educ.,* 9 NY2d 111). But since the duty of establishing teacher tenure is fixed by statute and rests ultimately with the Board of Education, and since probationary teachers suffer from a position of relative insecurity, courts should be slow to find a waiver foreclosing a teacher's rights. Former Chief Judge BREITEL summed it up well in *Matter of Baer v Nyquist (supra,* p 299) when he stated: "It is not wise * * * to have too much confidence in the 'choices' made by a school teacher who must seek and receive accommodations from [her] superiors" (see, also, *Ricca v Board of Educ.,* 47 NY2d 385, 391). In this case, petitioner has taught the same subject to pupils at the same school continuously for five years and her failure to pursue legal remedies to challenge her status after receiving the notice of appointment or salary notices stating that her employment was for a new three-year probationary period did not result in a waiver of her rights (cf. *Matter of Becker v Board of Educ., supra).*

Trial Term found that petitioner acquired tenure February 16, 1976, after completing three years' probationary service. On June 3, 1975 section 3013 was amended, however, to reduce the probationary period for teachers previously tenured from three to two years (L 1975, ch 140, § 4). The statute was effective immediately. Petitioner had previously been tenured and on the effective date of the statute she had completed more than the required two years with the respondent school district. Nevertheless, the board was not foreclosed from passing on her qualifications and it had a reasonable time to do so. When the board failed to act during the summer recess, however, and permitted petitioner to return to work in the fall of 1975, she achieved tenure by estoppel (see *Matter of Mugavin v Nyquist,* 48 AD2d 727, affd 39 NY2d 1003).

The judgment should be modified to provide that petitioner achieved tenure in September, 1975 and, as modified, it should be affirmed.

CARDAMONE, J. P., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Judgment unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with opinion by SIMONS, J.