■ In the Matter of JANET CEPARANO, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered October 19, 1978 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Education which denied the petitioner tenure by acquiescence. In September of 1973, the petitioner was appointed to a full-time employment as a probationary elementary teacher. Thereafter, she was appointed to a part-time (half days) learning disabilities position effective at the beginning of the 1975-1976 academic year. Petitioner served in that position until January of 1977 when the petitioner was appointed to a full-time position as an elementary reading teacher. At the end of the 1976-1977 school year, the petitioner's employment was terminated, and she now seeks a determination that as a matter of law she had acquired tenure by estoppel because her employment continued beyond three years of service without termination. Upon her appeal to the Commissioner of Education and in the review by Special Term, the petitioner's applications for relief have been denied and dismissed upon findings that her part-time service does not count toward tenure as a matter of law and further, that no estoppel could be invoked as to such service. The issue of whether or not the change in job titles affected her tenure *area* was not determined by the commissioner and is not now before the court for review. It has been held that part-time service does not constitute probationary service for the purpose of acquiring tenure *(Matter of Rosenberg v Board of Educ.,* 51 AD2d 551; *Matter of Nyboe v Allen,* 7 AD2d 822). Nevertheless, it has been held that the grant of tenure and/or the grant of tenure/probation credit for part-time employment is not violative of any public policy or statute *(Matter of Schlosser v Board of Educ.,* 62 AD2d 207, affd 47 NY2d 811). In the *Nyboe* case *(supra),* the court did not construe the statutes as prohibiting probation credit for part-time service, but limited its finding to the conclusion that it could not be said that the Commissioner of Education was arbitrary and capricious in his construction of the statutory requirements. In *Nyboe* the teacher petitioner was *originally* hired on a part-time basis and it does not appear that at any point in her six years of employment there was a full-time appointment or any appointment to a probationary period. In the present case, it is undisputed that the petitioner was appointed to a probationary period effective with the commencement of the 1973-1974 school year and, accordingly, the issue presented as to the effect of subsequent part-time service is

distinguishable in fact and principle from *Nyboe*. The question of the inviolability of the requirement of three years of full-time service was considered in the case of *Matter of Weinbrown v Board of Educ.* (28 NY2d 474), and it was held that the statute did not prohibit the earlier grant of tenure; and upon acceptance by a teacher it could not thereafter be rescinded unilaterally by a board of education. In the *Weinbrown* case, the court expressly noted that while requiring a stated number of years of service, former section 3013 of the Education Law expressly provided for the grant of tenure by a board of education upon earlier recommendation by a superintendent. In *Matter of Matthews v Nyquist* (67 AD2d 790), this court considered the effect of appointing a full-time teacher to a probationary period and then at the end of the three-year period giving her a defective notice of denial of tenure. It held that continuing her as a part-time teacher would not defeat a claim to tenure by estoppel in that she served beyond the three-year period of probation. The same result was previously reached in *Matter of Dwyer v Board of Educ.* (61 AD2d 859) in spite of the fact that the petitioner was duly notified of the denial of tenure prior to continuing her services as a part-time teacher. In the *Schlosser* case, the Court of Appeals explicitly noted that it was *not* determining the applicability of the statutory scheme of tenure to part-time teachers. For the acquisition of tenure, former section 3013 of the Education Law, in effect when the petitioner was terminated from her employment, required solely that the petitioner be appointed, and in keeping with the requirements of the *Nyboe* case the appointment herein was to a full-time position. The statute does not differentiate as to part-time service and full-time service and, accordingly, the commissioner erred in relying upon the *Nyboe* case to deny probationary service for the part-time service. The analogy of tenure by estoppel arising from any service at the end of the probationary period in the *Matthews* and *Dwyer* cases requires the conclusion that as a matter of law the change to part-time service does not interrupt a duly established probationary period. Although there has been no showing of any sound or rational basis for finding that a conversion to part-time status from a full-time probationary status would affect the accumulation of probationary/tenure credit, the matter must be remitted for further consideration by the commissioner of whether or not the particular service of the petitioner can all be credited to the same tenure area. The issue of area tenure was raised in the pleadings before the commissioner, but was not considered in reaching his decision. It should be further noted that the issue of section 3813 of the Education Law was not properly raised as a defense in this proceeding and Special Term erred in its *sua sponte* introduction of that matter *(Matter of Schlosser v Board of Educ.,* 47 NY2d 811, *supra).* Judgment reversed, on the law and the facts, without costs, determination annulled, and matter remitted to Special Term for remittal to the commissioner for further proceedings not inconsistent herewith. Kane, Staley, Jr., and Herlihy, JJ., concur.

Sweeney, J. P., and Casey, J., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). The determination of the commissioner denying tenure to the petitioner is not arbitrary, and Special Term was correct in affirming it. The petitioner was employed as a full-time probationary elementary teacher by the Wallkill Central School District for the 1973-1974 and the 1974-1975 academic years. In September, 1975, she requested and received a transfer to a half-time or part-time learning disabilities position. Petitioner claims the change was undertaken upon assurances from her building principal and the superintendent of schools that her probationary service time would continue on a one-half basis (one-

half day teaching for the school year to equal one-half year towards tenure). The building principal denies any such promise; the superintendent of schools confirmed his promise in writing a month or so after the petitioner had undertaken her part-time duties, in which capacity she continued for one and one-half years. In January, 1977, she returned to her full-time position as an elementary teacher and served therein until June, 1977, when she was notified of her termination effective July 30, 1977. Thus, the petitioner compiled a total of two and one-half years of full-time probationary status as an elementary school teacher and needs credit for her part-time assignment if she is to obtain tenure by acquiescence or estoppel under section 3012 of the Education Law. No collective bargaining agreement is involved herein (see *Matter of Schlosser v Board of Educ.,* 62 AD2d 207, affd 47 NY2d 811). The petitioner's claim, therefore, depends entirely on the statutes and case law. Furthermore, this is not a situation where the petitioner served her full three-year probationary period with the school board's acquiescence and then converted or was assigned to part-time teaching duties, which would still preserve the tenure she acquired from three years' probationary service. This distinguishing fact renders the holdings in *Matter of Matthews v Nyquist* (67 AD2d 790) and *Matter of Dwyer v Board of Educ.* (61 AD2d 859) inapposite. The basis for the commissioner's ruling herein is that teaching service in a part-time position, even with the consent or in reliance on misinformation supplied by school officers, can never be counted toward tenure. Tenure can only be acquired by actual service beyond the term of probation *(Matter of Mugavin v Nyquist,* 48 AD2d 727, 728). The decision of the commissioner herein is not only not arbitrary, it is in conformity with law. (See *Matter of Rosenberg v Board of Educ.,* 51 AD2d 551, holding that necessary service for tenure must be actual full-time employment.) The judgment should be affirmed.