■ In the Matter of MIRIAM GETTINGER, Appellant, v PUTNAM/NORTHERN WESTCHESTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents.—

The petitioner has been employed by the respondent Putnam/Northern Westchester Board of Cooperative Educational Services (hereinafter BOCES) as a tenured teacher of health services since 1976. In 1988, due to declining student enrollment for the 1988-1989 school year, BOCES determined that it would require 2.0 less units of staffing for its health occupations cluster. It first laid off one full-time teacher and one half-time teacher having the least seniority in that tenure area. Upon reaching the petitioner on the seniority list, BOCES reduced her position from full time to half time to complete the remaining .5 units of necessary staff reduction.

Contrary to the petitioner's contention, the reduction of her teaching position from full time to half time was not arbitrary, capricious or contrary to law. Education Law § 2510 (2) requires that "[w]henever a board of education abolishes a position * * * the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued". In first discontinuing the services of those less senior to the petitioner, BOCES fully

complied with the statute *(see, Matter of Lezette v Board of Educ.,* 35 NY2d 272; *Matter of Abrams v Ambach,* 43 AD2d 883). Furthermore, we agree with the Supreme Court that there was no abolition of the petitioner's position but rather a maintenance of the position on a part-time basis, with no loss of seniority or tenure. Even if, as the petitioner argues, BOCES's action did constitute an abolition of her position within the meaning of Education Law § 2510, BOCES was not required to pass a formal resolution in order to give it effect *(cf., Matter of Board of Educ. v Ambach,* 132 AD2d 257). The purpose of Education Law § 2510 is to assure job security to teachers in order of their seniority within their tenure area and to further the school board's interest in efficient administration *(see, Matter of Cole v Board of Educ.,* 90 AD2d 419, *affd* 60 NY2d 941). The challenged action of BOCES was in keeping with this purpose. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.