In the Matter of BETTE VAN DERZEE, Appellant, v BOARD OF EDUCATION OF THE ODESSA-MONTOUR CENTRAL SCHOOL DISTRICT et al., Respondents. [644 NYS2d 847] —Mercure, J.

Petitioner was first hired as a substitute teacher by respondent Board of Education of the Odessa-Montour Central School District (hereinafter respondent) in the fall of 1985. By September 1991, she was employed by respondent in a part-time teaching position which was not a probationary appointment. Petitioner was offered employment as a full-time probationary, i.e., tenure-track, elementary teacher on three occasions, but elected to remain in her part-time nonprobationary position.

In January 1994, after petitioner had turned down the third offer of a probationary, tenure-track position, the job was accepted by respondent Kathryn Anagnost. In the spring of 1994, however, respondent passed a resolution abolishing petitioner's part-time teaching position and reducing Anagnost's full-time teaching position to a 60% part-time position. Petitioner then commenced the instant CPLR article 78 proceeding, arguing that respondent should have abolished Anagnost's position entirely while leaving petitioner, a nine-year veteran teacher in respondent's employ, in her part-time teaching position. Supreme Court disagreed and dismissed the petition.

Petitioner was not a tenured or even a probationary teacher at the time her part-time position was abolished in 1994. Hence, her employment was unprotected by Education Law § 2510 (2), which provides that when a teaching position is to be abolished, "the services of the teacher having the least se-

niority *in the system within the tenure of the position abolished* shall be discontinued" (emphasis supplied). Because she worked part-time, petitioner was not a probationary teacher on a tenure track, i.e., "within the tenure of the position abolished" (Education Law § 2510 [2]; *see, Matter of Ceparano v Ambach,* 53 NY2d 873, 875, *revg* 74 AD2d 978). Her services could be discontinued at respondent's option despite her years of employment (*see, Matter of Yanoff v Commissioner of Educ. of State of N. Y.,* 66 AD2d 919, 920, *lv denied* 47 NY2d 711).

We are not persuaded by petitioner's contention that she should have been appointed to the part-time position conferred upon Anagnost, pursuant to the terms of Education Law § 2510 (3). That section applies only to the filling of an existing or future vacancy. Here, there was no vacancy as Anagnost never vacated her position; she merely retained her previous position in a reduced form (*see, Matter of Gettinger v Putnam/ Northern Westchester Bd. of Coop. Educ. Servs.,* 158 AD2d 688, 689).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.