Matter of Grube v Board of Educ. Spencer- Van Etten Cent. Sch. Dist. (2021 NY Slip Op 03096)





Matter of Grube v Board of Educ. Spencer- Van Etten Cent. Sch. Dist.


2021 NY Slip Op 03096


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

531521
[*1]In the Matter of Brian Grube, Respondent,
v
Board of Education Spencer- Van Etten Central School District et al., Appellants, et al., Respondent.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP, Johnson City (John P. Lynch of counsel), for appellants.
Robert T. Reilly, New York State United Teachers, Latham (Keith J. Gross of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Faughnan, J.), entered May 18, 2020 in Tioga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education Spencer-Van Etten Central School District terminating petitioner's employment.
Petitioner was employed by respondent Spencer-Van Etten Central School District (hereinafter the District) as a tenured physical education teacher. In 2015, petitioner applied for and was granted disability retirement benefits with the New York State Teachers' Retirement System (hereinafter TRS). Respondent Board of Education Spencer-Van Etten Central School District (hereinafter the Board) thereafter passed a resolution in October 2015 stating that it was granting petitioner an extended leave of absence without pay until January 31, 2016 on the condition that if he is medically unable to return to work by that date, the Board accepts his resignation for purposes of disability retirement benefits effective July 31, 2015. The resolution also provided that petitioner would be placed on a preferred eligible list for recall to a similar position with the District for a period of seven years and, if petitioner is medically able to return to work within that time period, the District would place him in a vacant position similar to the position in which he retired from due to disability. Petitioner's condition improved and, in May 2018, the District recalled him for a probationary appointment as a physical education teacher, effective September 2018 to June 2021. However, in May 2019, the Board summarily terminated petitioner from that position, acting pursuant to Education Law § 3013. Someone else was then hired to replace petitioner.
Consequently, petitioner initiated this CPLR article 78 proceeding to annul the Board's determination terminating his employment and seeking reinstatement and back pay, claiming, among other things, that the Board had violated his recall rights pursuant to Education Law § 2510 and interfered with his tenure rights by unlawfully terminating him without a hearing (see Education Law § 2510 [3] [a]). The Board and the District (hereinafter collectively referred to as respondents) countered that Education Law § 2510 only applied to small city school districts unlike the District, which is a central school district. They additionally claimed, among other things, that petitioner had given up his recall rights upon taking disability retirement and subsequently accepting a "probationary" position for the 2018-2019 school year. Supreme Court granted the petition, holding that both Education Law §§ 2510 (3) (a) and 3013 (3) (a) applied to these circumstances. The court reasoned that the overall statutory scheme of both sections, as it related to recall rights, "are most effectuated by affording similar protections to teachers within all school districts," regardless of size. The court also held, among other [*2]things, that petitioner did not give up his recall rights upon acceptance of the position for the 2018-2019 school year, and, in doing so, he also did not relinquish his tenure.[FN1] Respondents appeal, and we affirm.
Respondents contend that Supreme Court erred in granting the petition because the controlling statute in the matter is Education Law § 3013, rather than Education Law § 2510, the latter of which does not grant recall rights to teachers who received disability retirement. "Our review of petitioner's CPLR article 78 claims is limited to whether the [Board]'s determination[], made without a hearing, [was] arbitrary and capricious, irrational, affected by an error of law or an abuse of discretion" (Matter of Buffalo Teachers Fedn., Inc. v Elia, 162 AD3d 1169, 1172 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 915 [2019]). "We accord no deference to [the Board's] statutory interpretation, as the questions raised on appeal depend only upon the accurate apprehension of legislative intent" (Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Olympic Regional Dev. Auth., 163 AD3d 1110, 1112 [2018] [internal quotation marks and citations omitted]).
As relevant here, Education Law § 3013 (3) (a) provides that, "[i]f an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he or she has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position." Education Law § 2510 (3) (a) is identical to Education Law § 3013 (3) (a), except that the former adds the following sentence at the end: "Notwithstanding any other provision of law to the contrary, in the event that a member of the [TRS], who is receiving a disability retirement allowance, shall have such disability retirement allowance rescinded, such member shall be placed upon such preferred eligible list as of the effective date of his or her disability retirement" (Education Law § 2510 [3] [a]), which is the provision at issue. In addition, Education Law § 2510 is codified in Education Law article 51, which applies only to school districts in cities with "less than [125,000] inhabitants" (Education Law art 51; see generally Matter of Board of Educ. of the Minisink Val. Cent. Sch. Dist. v Elia, 170 AD3d 1472, 1474 [2019], lv denied [*3]33 NY3d 911 [2019]). In contrast, Education Law § 3013, which is codified in Education Law article 61, contains no such minimum inhabitant requirement.
"The main goal in statutory construction is to discern the will of the Legislature and, as the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Soriano v Elia, 155 AD3d 1496, 1498 [2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 913 [2018]; see Matter of O'Donnell v Erie County, 35 NY3d 14, 20-21 [2020]; White v Cuomo, 181 AD3d 76, 79 [2020]). In that regard, the contested provision of Educational Law § 2510 (3) (a) commences with a notwithstanding clause, freeing "any other provision of law to the contrary" from conflicting with it. "The meaning of [a] statute's 'notwithstanding' clause is plainly understood and clearly supersedes any inconsistent provisions of state law" (Matter of State of New York v John S., 23 NY3d 326, 341 [2014] [internal quotation marks and citations omitted]; see Matter of Melendez v Wing, 8 NY3d 598, 609 [2007]; Del Terzo v Hospital for Special Surgery, 95 AD3d 551, 552 [2012]). Thus, Education Law § 2510 (3) (a) supersedes Educational Law § 3013 (3) (a) as it regards recall rights, and, consequently, it applies to all school districts, not just those districts within cities with less than 125,000 inhabitants.
This interpretation of the "notwithstanding clause" in Education Law § 2510 (3) (a) accords with the pertinent legislative history. To begin, it is noted that Education Law §§ 3013 (3) (a) and 2510 (3) (a) are nearly identical except for the last sentence of the latter, which contains both the abovementioned notwithstanding clause and a provision regarding recall from disability retirement — the language precisely at issue on this appeal (see generally Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 56 [2004]). Notably, the twin provisions — with the exception of the last sentence in the current version of Education Law § 2510 (3) (a) — were added in 1992 (see L 1992, ch 737, § 8; L 1992 ch 240, § 1). In 1993, the last sentence of Education Law § 2510 (3) (a) was added in order "to provide that a member of [the TRS] who is retired on disability . . . be placed on a preferred eligible list within the district of his [or her] last employment should his [or her] disability retirement be rescinded" (Assembly Mem in Support, Bill Jacket, L 1993, ch 236 at 9).
In opposition to the 1993 amendment, the Deputy Commissioner of Education Legal Affairs of the State Education Department (hereinafter SED) noted, among other things, that, "as drafted, the bill's provisions could be interpreted to apply only to city school districts" and, thus, "[i]n order to apply to . . . central school districts . . ., a conforming amendment to Education Law § 3013 [was] necessary" [*4](State Educ Dept Mem in Opposition, Bill Jacket, L 1993, ch 236 at 19). However, in a memorandum recommending approval of the bill, the Assembly Division of the Budget noted that SED's argument was unfounded because "[t]he bill specifically notwithstands any other provision of law to the contrary and therefore would apply to any member of [the] TRS regardless of type of school district" (Mem of Assembly Division of the Budget, Bill Jacket, L 1993, ch 236 at 13). The Assembly Division of the Budget did recommend, however, "that subsequent legislation . . . amend [Education Law §] 3013 (3) (a) to clarify that the provision of this bill apply to all school districts (Mem of Assembly Division of the Budget, Bill Jacket, L 1993, ch 236 at 14). Thereafter, SED changed its position and stated that it had "[n]o objection" to the bill on the ground that it was SED's "understanding" that the "technical problems . . . [would] be addressed in a chapter amendment" (State Educ Dept Mem in Opposition, Bill Jacket, L 1993, ch 236 at 18). Thus, the legislative history for Educational Law § 2510 (3) (a) comports with the textual interpretation of the statutory provision in that it notwithstands any conflicting statutory provision.
Finally, as demonstrated by case law, Education Law § 2510 has generally not been limited in its application to small city school districts; rather, it has been applied to other types of school districts, including central school districts (see e.g. Matter of Davis v Mills, 98 NY2d 120, 124 [2002]; Matter of Taber v Sherburne-Earlville Cent. School Dist., 244 AD2d 634, 635 [1997]; Matter of Van Derzee v Board of Educ. of Odessa-Montour Cent. School Dist., 228 AD2d 998, 998-999 [1996], lv denied 89 NY2d 803 [1996]). Therefore, based on the foregoing, petitioner was entitled to recall rights pursuant to Education Law § 2510 (3) (a), which included, among other things, an opportunity for an administrative hearing prior to his termination (see Education Law §§ 3012, 3020-a; 8 NYCRR part 82). Accordingly, the Board's summary termination of petitioner's employment was affected by an error of law and Supreme Court properly granted the petition. Finally, respondents' remaining arguments, which are raised for the first time in their reply brief, are not properly before us (see Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1209 [2020]).
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: This part of Supreme Court's judgment is unchallenged on appeal.