In the Matter of ARTHUR B. ROBBINS, JR., Appellant, v JOSEPH J. BLANEY, as Acting Commissioner of Education of the State of New York, et al., Respondents.

Third Department, May 27, 1982

### APPEARANCES OF COUNSEL

*James R. Sandner* (*Elizabeth A. Truly* of counsel), for appellant.

*Robert D. Stone* (*Victor M. DeBonis* and *Jean M. Coon* of counsel), for Joseph J. Blaney, respondent.

*Winick, Ginsberg, Ehrlich, Reich & Hoffman* (*Lawrence W. Reich* of counsel), for Board of Education of the Bellmore-Merrick Central School District, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

This CPLR article 78 proceeding was brought by petitioner to challenge his dismissal from the Bellmore-Merrick Central School District on June 30, 1979. Petitioner had initially been appointed by the school district to a probationary term commencing March 3, 1975. His employment was terminated on June 30, 1976. He was subsequently hired by the district as a regular substitute teacher and served in that capacity from September 1, 1976 to February 1, 1978, at which time his status was

upgraded to that of a probationer. Petitioner was ultimately dismissed some 17 months later before being granted tenure.

As a result of this employment record, petitioner contends that he is entitled to credit for his one and one-half-year period of service as a regular substitute which, when added to the time he has served as a probationary teacher, would entitle him to tenure by estoppel or acquiescence. This contention is premised on the provisions of section 2509 (subd 1, par [a]) of the Education Law which, in pertinent part, states: "Teachers * * * shall be appointed by the board of education * * * for a probationary period of three years, except that in the case of a teacher who has *rendered satisfactory service as a regular substitute for a period of two years* * * * and has been appointed to teach the same subject in day schools on an annual salary, the probationary period shall be limited to one year" (emphasis added). The Commissioner of Education, affirmed by Special Term, determined that credit for substitute service can only be allowed where such service had been rendered prior to the commencement of a probationary period, which, in petitioner's case, was March 3, 1975, the date he was first appointed to a probationary term as a teacher of secondary science. Accordingly, the petition was dismissed and this appeal by petitioner ensued. We affirm for reasons other than those relied upon by the commissioner and Special Term.

Since it is undisputed that petitioner did not render satisfactory service as a regular substitute teacher for a period of two years (see Education Law, § 2509, subd 1, par [a]) prior to being appointed to a probationary term as a teacher of secondary science on February 1, 1978, it is clear that he must serve as a probationer for the full three-year period. "[P]ure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459) compels us not to defer to the administrative determination herein, which rests upon a rationale that comports with the standard of substantial evidence, but to uphold the result because the language of the statute plainly compels it.

The judgment should be affirmed, without costs.

Sweeney, Kane, Casey and Weiss, JJ., concur.

Judgment affirmed, without costs.