■ PEGGY SAPPHIRE, Also Known as MARGARET GOLDBERG, Respondent, v BOARD OF EDUCATION, HASTINGS UNION FREE SCHOOL DISTRICT, Appellant, and SUSAN C. KINNALLY, Respondent. — In a CPLR article 78 proceeding, the Board of Education, Hastings Union Free School District, appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated August 9, 1982, which, *inter alia,* directed it to reinstate petitioner as a tenured guidance counselor with back salary, less certain deductions. Judgment affirmed, with costs. Appellant board of education dismissed petitioner from its employ on June 30, 1980, asserting that she was a probationary employee. Before the Supreme Court, appellant conceded that if the tenure provisions of the rules of the Board of Regents (8 NYCRR part 30) were applicable to teachers who acquired tenure prior to their effective date, then petitioner had acquired tenure by estoppel. Inasmuch as appellant disputes on appeal the facts it purportedly conceded before the Supreme Court, this court will make its own findings of fact. Petitioner seeks reinstatement in appellant's school district as a tenured guidance counselor, together with back salary and other emoluments of employment, on the ground that her dismissal was unlawful. Her petition alleged that she had been, in appellant's word, "reassign[ed]" by its resolution of October 24, 1977 from her full-time elementary teaching duties to half-time elementary teaching duties and half-time guidance counselor duties, effective November 1, 1977. Petitioner lost her elementary teaching position upon a reduction in teaching positions in May, 1978, effective June 30, 1978. By resolution of the board of education on September 5, 1978, petitioner was appointed as a guidance counselor for the 1978-1979 school year, and she commenced serving as such, full time, in September, 1978. Petitioner was summarily dismissed from her position effective June 30, 1980 following a February 29, 1980 letter from the superintendent of schools, which informed her that he would not recommend her appointment to tenure as a guidance counselor and, therefore, that her employment as a guidance counselor would terminate on June 30, 1980. Petitioner claimed tenure by estoppel because she had already served as a guidance counselor for two years, measured from November 1, 1977. Appellant's position was that petitioner's 1977-1978 half-time guidance counseling service was that of a substitute rather than a probationer, and therefore could not be taken into account in determining the length of her probationary service within the school district. The record supports petitioner's characterization of her November 1, 1977 appointment as being probationary. Appellant argues that petitioner was hired on that date as a part-time substitute for the regular, full-time guidance counselor, who had been granted maternity leave for the 1976-1977 school year, whose leave was extended for the 1977-1978 school year. According to the superintendent of schools, a temporary full-time replacement was hired as a substitute for the 1976-1977 school year and was reappointed for the 1977-1978 school year. The documentary evidence offered in support of these facts, however, shows that the teacher hired for the 1976-1977 school year "as a one (1) year replacement" was formally appointed by

appellant's resolution of September 13, 1976 to a three-year "probationary service" position, but resigned at the end of the first year. It was at this point, according to the superintendent of schools, that petitioner asked that she be allowed to "fill the opening on a half-time basis while maintaining her seniority and tenure rights in the elementary area by continuing to teach a fourth grade class on a half-time basis". Therefore, according to him, the regular guidance counselor returned from maternity leave and undertook her duties on a half-time basis while petitioner undertook the remainder of the guidance counseling duties on a substitute basis. The record, however, shows that by a resolution dated October 10, 1977, appellant approved the regular guidance counselor's return from maternity leave on a part-time basis with a comment "that the other ½ Guidance would be provided at Hillside [Elementary School, where petitioner worked] by a Hillside staff member once scheduling is rearranged". By letter of October 19, 1977, parents of children in petitioner's fourth grade class expressed concern about her pending reassignment from that class to a half-time kindergarten, half-time guidance counseling position. They suggested she either assume half-time guidance counseling in conjunction with half-time teaching of her fourth graders, or maintain her present full-time teaching and defer guidance counseling for a year, during which time the board could use a per diem substitute. Concurring with the parents, the school's principal recommended the first alternative to the superintendent of schools by letter of the same date, noting that petitioner and the teacher with whom she would share teaching duties were both "willing to put forth the extra time necessary that is above the contractual expectations to make this work." The principal added that this arrangement would permit petitioner "to advance in her career of guidance and to be placed as a part time guidance counselor at Hillside." The superintendent of schools informed the board, by letter dated October 21, 1977, that following a second meeting with the parents on October 20, 1977, his recommendation was for petitioner to be appointed half-time to teaching her fourth-grade class and half-time to guidance counseling upon the regular guidance counselor's return from maternity leave to work half-time at the district's high school. The minutes of the appellant's October 24, 1977 meeting "approve the assignment of [petitioner] as ½ time Elementary Guidance Counselor and ½ time Elementary teacher, Column III Step 12, effective Nov. 1, 1977". This item was reflected in the minutes under the heading, "PERSONNEL: — Hillside Guidance." The next item on the agenda, under the heading, "PERSONNEL: — Substitutes", dealt with the appointment of two persons to the "Substitute Teacher List" for the school year on a per diem basis. By letter dated October 25, 1977, the superintendent of schools informed petitioner that appellant had approved her "reassignment" as a half-time teacher and half-time guidance counselor. The term substitute does not appear in its test. By letter dated May 25, 1978 to the superintendent of schools, petitioner noted that her elementary teaching position had been eliminated and asked that she be considered for a position with the district's guidance counseling staff at the high school because of an opening created there by the retirement of a guidance counselor (who was not the regular guidance counselor on leave or the replacement). The record next reflects that by resolution of September 5, 1978, appellant appointed petitioner as a guidance counselor for the 1978-1979 school year, column III, step 13, on probationary service *for two years, until June 30, 1980,* serving half time at Hillside and half time at another school. Appellant then appointed another person as full-time high school guidance counselor to replace the regular counselor on leave, and expressly characterized this appointment as one to "substitute service". By letter dated September 6, 1978, the superintendent of schools informed petitioner that appellant had "formally approved" her ap-

pointment. Petitioner pointed out in her papers before the Supreme Court that at no point prior to appellant's interposing its answer had anyone characterized her 1977-1978 guidance counseling services as substitute rather than probationary in nature. She further alleged that as a full-time tenured employee of the district, she would have refused the reassignment from full-time teaching had the guidance counseling position been on a substitute basis. She further alleged that, contrary to appellant's characterization of her reassignment as a reduction in teaching status to part time and assignment to part-time substitute guidance counseling, she spent 50% of her time in guidance counseling and thereby exceeded the 40% requirement imposed by law in order for her to acquire credit towards tenure. Petitioner's principal at Hillside stated in an affidavit supporting her position that there had never been any suggestion that petitioner was being reassigned as a substitute, and that his recommendation had not been on that basis. The chairman of the school district's guidance department, formerly director of pupil personnel services, also submitted an affidavit supporting petitioner, noting that it was his responsibility to interview and recommend petitioner for his guidance counseling staff. He had never heard that petitioner was to be assigned as a substitute. To his recollection, she was assigned to fill the vacancy created by the resignation, after one year, of the regular guidance counselor's probationary replacement. He further noted that "[i]t was clear from our discussions that this would be a tenure-bearing position". In rebuttal, the superintendent of schools merely commented that the latter official "had no authority, nor to my knowledge did he have the background to make a determination as to the type of appointment (i.e., tenure bearing as opposed to substitute) * * * Any representations he may have made in this area were without my knowledge or consent". Clearly appellant's position in this matter is suspect. The documentary evidence and the affidavits of the persons involved in this matter demonstrate that no one prior to this litigation had characterized petitioner's November, 1977 reassignment to half-time guidance counseling duties as being on a substitute rather than probationary basis. When appellant intended that the replacement for the regular guidance counselor on leave be on a substitute basis, it said so in its minutes of September 5, 1978. The only possible inconsistency between petitioner's position and the record is the fact that the minutes of the meeting where she was appointed a full-time guidance counselor note that her two-year probationary period was to run from the date of her full-time appointment, and therefore not from the date of her initial, part-time appointment in November, 1977. Nevertheless, considering the record as a whole as well as appellant's legal argument, discussed below, against crediting petitioner's *part-time* guidance counseling services for tenure purposes, we are of the opinion that petitioner was in fact appointed by the appellant's resolution of October 24, 1977 to a probationary position in the guidance counseling tenure area, effective November 1, 1977. It is appellant's legal position that petitioner could have earned credit toward tenure only through the rendering of full-time services as a probationary guidance counselor. In taking this stand, appellant argues that petitioner could not invoke the protection of part 30 of the Rules of the Board of Regents (8 NYCRR 30.1 *et seq.*), contrary to the ruling of the Supreme Court. Under the regulations, the fourth grade of elementary school is an elementary tenure area (8 NYCRR 30.5) and guidance counseling is a "special subject" tenure area (8 NYCRR 30.8 [b] [2]). Appellant was authorized to make interdisciplinary assignments by the same regulations (8 NYCRR 30.9). If the assignment was of a teacher already tenured in one area to "devote a substantial portion of his time in a [different] tenure area", then the appellant board of education was required to confer probationary status on the teacher with respect to the different area

prior to such assignment (8 NYCRR 30.9 [d]). A *"substantial portion of his time* means 40 percent or more of the total time spent by a [teacher] in the performance of his duties, exclusive of time spent in preparation, monitoring or in co-curricular activities" (8 NYCRR 30.1 [g]). Appellant argues that part 30 was effective on August 1, 1975, approximately a month after petitioner acquired tenure in the elementary area on June 30, 1975. Therefore, according to appellant, the petitioner seeks unwarranted retroactive application of the regulations. The Supreme Court, however, correctly pointed out that appellant's strained construction of the regulations would perpetuate a double standard for teachers tenured in one area prior to August 1, 1975 but reassigned to different tenure areas thereafter. Hence the fact that 8 NYCRR 30.9 (d) refers to a teacher who has tenure in a tenure area "created by this Part" raises no bar to teachers who, like petitioner, were granted tenure under a system that predated part 30 and was consistent with it. Indeed, the provisions of part 30 are expressly made applicable to *all* probationary appointments made after its effective date (8 NYCRR 30.2 [a]). There is no authority for circumventing these requirements by characterizing an interdisciplinary assignment of two half-time appointments such as petitioner's as a reduction in the tenured position accompanied by a part-time appointment as a substitute to a different position. The regulations clearly envision concurrent and consecutive acquisition of tenure in different tenure areas by a teacher who is already the beneficiary of tenured status (see, e.g., 8 NYCRR 30.9, 30.10). Inasmuch as petitioner had averred in her papers without rebuttal that she had devoted at least 50% of her time to guidance counseling after her November 1, 1977 appointment, and the record shows that petitioner devoted a substantial portion of her time in this interdisciplinary assignment over a period exceeding two school years (November 1, 1977 through the end of the 1977-1978 school year, the 1978-1979 school year, and the first half of the 1979-1980 school year), the Supreme Court properly granted her petition and directed her reinstatement as of June 30, 1980. Appellant's other points have been considered and are found without merit. Titone, J. P., Gibbons and O'Connor, JJ., concur.

Weinstein, J., dissents and votes to reverse the judgment and dismiss the proceeding on the merits, in the following memorandum: In November 1977, petitioner, who was at that time a full-time tenured elementary school teacher, started work as a "half-time" guidance counselor at the elementary school where she taught. From November, 1977 until June, 1978, petitioner split her full-time duties equally between her positions as a half-time guidance counselor and a half-time elementary teacher. In June, 1978, petitioner was notified that, as the least senior teacher in the elementary tenure area, she would be excessed effective the end of the school year due to declining enrollment. Shortly thereafter, a full-time position as a guidance counselor became available and the board of education appointed petitioner to that position for a two-year probationary term, beginning in September, 1978. In a letter dated February 29, 1980, the superintendent of schools notified petitioner of his intention not to recommend her for tenure in the guidance area and that her employment with the school district would, thus, cease as of June 30, 1980. The respondent board of education adopted this recommendation and terminated petitioner's services, effective June 30, 1980. I concur with the findings of the Supreme Court that part 30 of the Rules of the Board of Regents ("Tenure Areas") (8 NYCRR 30.1 *et seq.*) is applicable to the instant case. Petitioner falls within the category of a professional educator who has acquired tenure in one area and has then been assigned by the board of education to devote a substantial portion of her time to another tenure area and received a probationary appointment in that latter area, after August 1, 1975 effective

date of part 30 (see 8 NYCRR 30.12, 30.19 [d]). I reject petitioner's contention, however, that she acquired tenure by acquiescence in the guidance area, based upon her service as both a part-time and full-time guidance counselor prior to her termination by the board of education. In *Matter of Ceparano v Ambach* (53 NY2d 873) the Court of Appeals upheld the determination of the commissioner that a teacher could not accrue credit toward fulfilling the probationary term requirement for the period she served in a part-time position, after the effective date of part 30. The case law dealing with situations prior to the promulgation of part 30 holds that a teacher cannot obtain credit towards the completion of a probationary period based upon part-time service in a tenure area (see, e.g., *Matter of Reisinger v Board of Educ.,* 57 AD2d 868; *Matter of Rosenberg v Board of Educ.,* 51 AD2d 551; *Matter of Nyboe v Allen,* 7 AD2d 822; *Matter of Myers,* 18 Ed Dept Rep 198). Pursuant to 8 NYCRR 30.9 (d), however, a teacher like petitioner who has acquired tenure in one area and is then assigned by the board of education to devote a substantial portion of her time, defined in the regulations as "40 percent or more of the total time spent by a professional educator in the performance of his duties", excluding certain activities (8 NYCRR 30.1 [g]), to work in another tenure area, must receive a probationary appointment in that new tenure area. Thus, the language of the regulations strongly suggests that a teacher should, under certain circumstances, receive credit towards the completion of the probationary term, based upon part-time service in a given tenure area. The concluding sentence of 8 NYCRR 30.9 (d) provides that the board of education shall confer or deny tenure to a teacher, like petitioner, who has been appointed to serve in part-time positions in more than one tenure area, "in the manner prescribed by statute." Therefore, the regulations do not explicitly prescribe the manner in which a teacher serving in a part-time position shall accrue credit toward the completion of the probationary term. Even if this court accepts the contention of petitioner, that, based upon the language in 8 NYCRR 30.9 (d), her probationary appointment in the guidance tenure area should have commenced when she began service in the half-time guidance position in November, 1977, in the absence of a specific provision in the Education Law or in the regulations promulgated by the Board of Regents, it would be inequitable to credit petitioner with more than one half the time a full-time teacher would accrue towards the completion of the probationary term, based upon her part-time service as a guidance counselor for a portion of the 1977-1978 school year. Therefore, on February 29, 1980, when the superintendent of schools informed petitioner that he would not be recommending her for tenure, petitioner had not accrued more than two years of full-time credit towards the completion of her probationary term in the guidance tenure area. The board of education may not vote to award tenure to a teacher who does not receive the recommendation of the superintendent of schools (see Education Law, § 2509, subd 2; § 3012, subd 2). Therefore, petitioner's service with the school district subsequent to the superintendent's recommendation to deny her tenure on February 29, 1980 did not meet the requirements for tenure by acquiescence or estoppel which "results when a school board fails to take the action required by law to grant or deny tenure and, with full knowledge and consent, permits a teacher to continue to teach beyond the expiration of her probationary term" (*Matter of Lindsey v Board of Educ.,* 72 AD2d 185, 186; see, also, *Matter of Cole v Board of Educ.,* 90 AD2d 419; *Matter of Marcus v Board of Educ.,* 64 AD2d 475, 477; *Matter of Hagen v Board of Educ.,* 59 AD2d 806). Petitioner's contention that she is entitled to credit pursuant to the Jarema Act (Education Law, § 2509, subd 1, par [a]) for the service she rendered during the 1977-1978 school year as a half-time guidance counselor, even if she were a substitute at the time, also lacks merit. All of the decisions which have allowed a teacher to credit

service as a substitute towards the fulfillment of the probationary term requirement have involved teachers who served as regular full-time substitutes for at least a complete school term (see *Matter of Imhof,* 17 Ed Dept Rep 208; *Matter of Motak,* 16 Ed Dept Rep 358; *Matter of Waterman,* 13 Ed Dept Rep 68; *Matter of Artale,* 13 Ed Dept Rep 84; cf. *Matter of Robbins v Blaney,* 87 AD2d 39, affd 59 NY2d 605). Thus, there is no authority for awarding Jarema Act credit for part-time substitute service.